Green v. Hall.

DUFF GREEN, APPELLEE, V. GEORGE W. HALL ET AL., APPELLANTS.

FILED JANUARY 3, 1895.   No. 5931.

**Appeal:** WAIVER BY PAYMENT MUST BE VOLUNTARY.   A motion of an appellee to dismiss an appeal because of the payment by appellant of the judgment from which an appeal had been taken must be overruled when it is shown that such payment was not voluntary, but was made to avoid a sale of appellant's property on an execution issued for the satisfaction of the aforesaid judgment.

MOTION by appellee to dismiss appeal from the district court of Douglas county.

*Kennedy, Gilbert & Anderson,* for the motion.

*E. W. Simeral* and *William Simeral, contra.*

RYAN, C.

In this case there was an appeal from a deficiency judgment for $3,578.10 and costs, rendered in the district court of Douglas county, of which judgment a transcript was duly filed in the office of the clerk of the district court of Lancaster county.   For its collection there afterwards, on October 6, 1892, was placed in the hands of the sheriff of the last named county an execution, under and by virtue of which the sheriff advertised for sale 116 lots, owned by appellant Coffman.   The date fixed for this sale was No-

vember 29, 1892. It does not appear, however, why this
sale was not made, neither does the sheriff's return show a
postponement. The execution was returned, paid in full
July 6, 1893, on which day there was executed by the
sheriff, a receipt for the costs. The judgment with accru-
ing interest was discharged by the following payments:
January 4, 1893, $504.37; March 2, 1893, $2,904.72;
June 19, 1893, $355.50. All these payments, as will
readily be seen, were made while the sheriff held the exe-
cution for the collection of the judgment in extinguishment
of which they were made. The appellee after the case had
been submitted for final determination filed a motion to
dismiss the appeal for the reason that the judgment ap-
pealed from had been fully, actually, unconditionally, and
voluntarily, paid by one of the appellants. In resistance
of this motion, the appellants have submitted the affidavit
of Victor H. Coffman, the appellant by whom the pay-
ments were made, to which affidavit he attached a copy of
the execution and return showing the receipt of the execu-
tion by the sheriff, his advertisement of the lots of Coffman
for sale as above described, and the date whereon said re-
turn was made, and the payment of costs. The dates of
the several payments above recited were shown in support
of the motion of appellee. Coffman's affidavit was to the
effect that to avoid a sale of the lots advertised he had
made these payments, and that they were not voluntarily
made. There was given no supersedeas undertaking to sus-
pend the enforcement of the judgment against appellants,
as might have been done under the provisions of section
677 of the Code of Civil Procedure. Under these cir-
cumstances a sale of the property advertised would have
vested in the purchaser a title which could not be affected
by the reversal of the judgment appealed from. (Sec. 508,
Code Civil Procedure.)

In support of the motion to dismiss there has been cited
but one precedent, which it is claimed is found in *Hipp v.*

*Crenshaw*, 64 Ia., 404.   There is, however, in the case cited, a recognition of the principle that if payment of a judgment appealed from is made under duress, the appeal should not be dismissed on motion of the appellee based solely on the fact of such payment.   It was held that the appeal should be dismissed because the payment had been made, merely to enable appellant to obtain a loan on real property effected by the lien of the judgment appealed from, a condition of affairs which did not justify the inference of duress.   The right of a judgment debtor to have an appeal determined, notwithstanding payment thereof has been coerced by legal process during its pendency, is sustained by *Hiler v. Hiler*, 35 O. St., 645. (*In re Walter*, 7 So. Rep. [Ala.], 400.)   In *Scholey v. Halsey*, 72 N. Y., 578, it was moreover held not indispensable to a right of recovery of money paid on a judgment before its reversal to show that such payment had been coerced by execution. The motion of appellee to dismiss this appeal should be

OVERRULED.