## In re BURDICK'S ESTATE.*

### No. 15,869; April 2, 1895.

#### 40 Pac. 35.

**Executors—Appeal from Final Settlement.**—An executor, who has appealed from all of a decree made in the final settlement and distribution of the estate, except that part settling such executor's account with the estate, cannot, on such appeal, object that the funds in his hands were found to be community property, and distributed accordingly.

**Executors—Appeal.**—A Distribution of a Part of a Devised Estate to trustees, at the special request of the sole devisee, will not be declared void on appeal because the record fails to show that such trustees established a legal claim to the property.

**Executors—Distribution.**—The Probate Court has Jurisdiction to declare certain property devised to testator's son to be community property, and to distribute it to the wife, who is not a legatee or devisee.

**Community Property—Succession.**—The Additional Right Acquired in community property by either the husband or the wife upon the death of the other is acquired by inheritance.

**Executors—Who may Appeal from Final Settlement.**—Persons claiming to be trustees of a devised estate, but who are neither heirs, devisees, nor legatees, and who have presented no claim against the estate, cannot appeal from a decree rendered in the final settlement of the estate.

**Executors.**—An Appeal cannot be Taken from an Order of the probate court refusing to postpone the final decree.

**Community Property.**—A Surviving Wife cannot be Deprived of her rights in community property by an act of the husband subjecting such property to the control of trustees for the use of others.

APPEAL from Superior Court, Alameda County; John Ellsworth, Judge.

Appeals by the executor of the estate of Stephen Powell Burdick, deceased, by A. W. Burdick and A. M. Sutton as trustees, and by A. W. Burdick individually, from a decree rendered in the final settlement of the estate, distributing one-half of the funds in the executor's hands to the wife as her interest in the community property. Appeal of the trustees dismissed, and decree affirmed.

*For subsequent opinion in bank, see 112 Cal. 387, 44 Pac. 734.

J. H. Craddock and R. S. Gray for appellants; Clarken & Ross for respondent.

TEMPLE, J.—The executor of the above estate filed his final account with a petition for settlement and for a distribution of the estate, December 12, 1892. He reported that he had in his hands, after payment of debts and expenses, $1,855.41, from which he asked to be allowed attorney's fees and accruing costs, and prayed that the balance be distributed to the parties entitled thereto; that the testator left one child, Arthur W. Burdick, and a widow, Alice H. Burdick; that by his will his entire estate was left to his son. January 31, 1893, Alice H. Burdick filed her petition, claiming that there was other property belonging to the estate, and asked to have such property recovered for the estate. August 30, 1893, A. W. Burdick and A. M. Sutton asked to have the money in the hands of the executor distributed to them as surviving trustees of a trust, or that the entire estate be given to A. W. Burdick as sole legatee and devisee. The petitions were submitted, and taken under advisement. July 20, 1893, Burdick and Sutton filed a more elaborate petition, asking the court to distribute the money to them as trustees. October 9, 1893, the court denied the application of the widow to compel the executor to include other property, and ordered a distribution of the estate as community property. One-half of the money, at the special request of A. W. Burdick, was distributed to A. W. Burdick and A. M. Sutton, trustees, and the other one-half to the widow. At that time counsel for A. W. Burdick and A. M. Sutton, trustees, and for A. W. Burdick individually, asked the court to suspend entry of the order of distribution until the title of the fund could be determined by proper action in a court of general jurisdiction. This application was denied, and the court proceeded to settle the final account of the executor, and to distribute the property. Appeals are taken from this decree by the executor, by A. W. Burdick and A. M. Sutton as trustees, and by A. W. Burdick individually. The appeals are brought here together, and by stipulation all use the same transcript, and they have been argued and submitted as one appeal.

The executor states in his notice of appeal that he appeals from the whole decree, ''except so much of said decree as settles the account of said executor, from which last-named

portion he does not appeal." The executor claims that the
decree distributes the estate to strangers; that neither the
trustees nor the wife, as to community property, are heirs,
legatees, or devisees of S. P. Burdick, deceased, and those
claiming through them are the only persons to whom distribu-
tion can lawfully be made. The executor cannot, on this ap-
peal, claim that the court erroneously found the money to
be the property of the estate, rather than the property of
the trustee; for the court, in settling the final account, ad-
judged that he had the amount in his hands belonging to the
estate, and from that part of the decree he does not appeal.

1. At first sight it would appear as though the court could
not distribute property to the trustees. They are not named
in the will, and could not, as such, be heirs. But the bill of
exceptions does not profess to state all the evidence, and, in
the absence of a contrary showing, we should presume that
they made out a claim through some one legally entitled. If
the statement that it was done at the special request of A.
W. Burdick shows that there was no other warrant for the
distribution, still I think it is not void. It shows that A.
W. Burdick was the person entitled to it, and, if the other
direction be void, still the distribution complies with the code.
It describes the property, and names the person entitled to it,
viz., A. W. Burdick. No other person could complain of it,
and he cannot, for it was done at his instance. The executor
questions the jurisdiction of the probate court to determine
the common property, or to distribute it to the widow. He
argues that the wife claims adversely to the estate, and not
as heir, legatee or devisee. The estate can only be dis-
tributed to such persons, and those who have acquired title
from them. He cites in support of his contention Estate of
Rowland, 74 Cal. 525, 5 Am. St. Rep. 464, 16 Pac. 315. It
was not decided in that case that the wife does not take one-
half the community property upon the death of her hus-
band as his heir, but that, when the community is dissolved
by the death of the wife, the probate court, while administer-
ing the estate of the wife, has no jurisdiction of the com-
munity property. The Civil Code declares that in such case
the community property goes to the husband without admin-
istration: Civ. Code, sec. 1401. Notwithstanding some un-
necessary language in Estate of Rowland, it was only held
that a controversy between the representative of the deceased

wife and the surviving husband as to whether certain property was common property or the separate property of the wife could not be determined by the probate court.   It would not be necesssary to concede that the probate court has not the jurisdiction claimed here, even if the wife does not take as heir.   The question, then, would be, Has the statute conferred the jurisdiction, and was it within legislative power? The jurisdiction is expressly conferred: Civ. Code, sec. 1402. For thirty years before the adoption of our present constitution by the people the probate court had exercised the power without question.   The constitution gives probate jurisdiction to the superior court.   But I think, within the meaning of our laws, both husband and wife take such additional right as they acquire to the common property by the death of the other by inheritance. The disposition to hesitate to accept this conclusion does not arise from any ambiguity in our statutes, which I think, and shall presently show, are very clear upon the subject, but from the fact that during the existence of the community the relation of the wife to the property is, in some respects, quite different from that of a mere heir apparent.   She had rights with reference to it which the courts will interfere to protect, and in case of the dissolution of the community by divorce her right to one-half the property immediately attaches, subject to the power of the divorce court to deprive her of it for her delinquency. But these statutory provisions do not show that the additional right which she acquires upon the death of her husband is not as heir, and the code seems quite clear upon the subject.   Section 1334 of the Civil Code reads as follows: ''A testamentary disposition to 'heirs,' 'relations,' 'representatives,' 'legal representatives,' or 'personal representatives,' or 'family,' 'issue,' 'descendants,' 'nearest' or 'next of kin' of any person, without other words of qualification, and when the terms are used as words of donation and not of limitation, vests the property in those who would be entitled to succeed to the property of such person, according to the provisions of the title on succession in this code.''   Section 1383 defines ''succession'': ''Succession is the coming in of another to take the property of one who dies without disposing of it by will.''   The next section shows that the person taking by succession is an heir, and that his right is subject to the control of the probate court and the possession of the ad-

ministrator. Certain provisions then follow in regard to succession, down to section 1400, which is as follows: "The provisions of the preceding sections of this title as to the inheritance of the husband and wife from each other apply only to the separate property of the decedents." The next section provides for the succession to the community property in case of the dissolution of the community by the death of the wife. Section 1402 provides for the succession in the case of the death of the husband. It is as follows: "Upon the death of the husband, one-half of the community property goes to the surviving wife and the other half is subject to the testamentary disposition of the husband, and in the absence of such disposition goes to his descendants, equally, if such descendants are in the same degree of kindred to the decedent; otherwise, according to the right of representation; and, in the absence of both such disposition and such descendants, is subject to distribution in the same manner as the separate property of the husband. In the case of the dissolution of the community by the death of the husband the entire community property is equally subject to his debts, the family allowance, and the charges and expenses of administration." The sections following provide for other cases of succession, and the heading of the title is "Succession." The statute therefore indicates very plainly that the wife acquires her right of absolute property in one-half of the community property, upon the death of her husband, by inheritance. Nor does this conclusion narrow or in any way limit the views which have hitherto prevailed in regard to the rights of the wife with reference to the community property during the life of her husband. From what has already been said, it is quite obvious that the appeal of the trustees must be dismissed. They are not named in the will, could not be heirs, and have presented no claim against the estate. Nor do they show any right acquired from heir, legatee, or devisee. They are not, and could not have been, aggrieved persons. The order refusing to postpone the final decree is not appealable. Indeed, I do not now think of any order made in the course of the administration from which these trustees could appeal. Arthur W. Burdick, as devisee or heir, was not aggrieved because the court did not distribute the money to the trustees, or because the court erroneously distributed it as part of the estate of S. P. Burdick. On the hearing, Arthur W. Burdick

announced through his counsel that he claimed nothing as devisee. Nor has such claim been made on this appeal. But, waiving this, and supposing appellant here contending that the court erred in holding that the property was community property, but should have decided that it was the separate property of S. P. Burdick, deceased, and that, therefore, he was entitled to the whole of it as sole legatee and devisee, there is nothing in the record upon which a decision in his favor could be based. The bill of exceptions does not purport to state all the evidence taken, and the decision may have been fully sustained by evidence not brought up. But, conceding that all the evidence is there set out, the conclusion of the court is correct. There is no evidence tending to show that any property was the separate property of S. P. Burdick, unless it was converted into such by the creation of the trust set out in the petition of the trustees. Conceding that the money there invested was community property, as we must presume it was, we have no difficulty in determining that the surviving wife could not be deprived of her rights with reference to it by any such device. The appeal of the trustees is dismissed, and as to the other appellant the decree is affirmed.

We concur: Henshaw, J.; McFarland, J.