[L. A. No. 405. In Bank.—February 3, 1898.]

SARAH J. KENNEY, Respondent, v. W. S. PARKS et al., Appellants.

APPEAL—MOTION TO DISMISS—SATISFACTION OF JUDGMENT BY RESPONDENT—RIGHT OF APPELLANT TO RESTITUTION UPON REVERSAL—CONSTRUCTION OF CODE.—The plaintiff cannot deprive the defendant of his right to appeal and to be restored to rights lost by reason of the judgment in case of reversal, by enforcing the judgment, and entering satisfaction of it, before the time for appeal has expired; nor can section 1049 of the Code of Civil Procedure, declaring an action to be pending until its final determination upon appeal, or until the time for the appeal has passed, "unless the judgment is sooner satisfied," be invoked to abridge the right of appeal where a judgment has been satisfied against the will of the appellant; and a motion to dismiss an appeal of the defendant, because the judgment in favor of the plaintiff has been satisfied, must be denied.

ID.—SERVICE OF NOTICE OF APPEAL—DEFAULTING CODEFENDANTS—"ADVERSE PARTIES"—SEVERAL JUDGMENT QUIETING TITLE.—The notice of appeal by defendants need not be served upon defaulting codefendants, unless they are "adverse parties," which depends upon whether a reversal of the judgment will injuriously affect their interest in the matter determined by the judgment; and this fact must be determined from the record on the appeal, and cannot be shown by affidavits outside

of the record; and where, in an action to quiet title, there is no joint relation alleged between the defendants, and the judgment against each defendant is several and independent, and a judgment in favor of plaintiff, quieting his title as against defaulting codefendants, could not be affected by reversal at the instance of appealing defendants, the appeal cannot be dismissed for failure to serve the notice of appeal upon such codefendants.

MOTION to dismiss an appeal from a judgment of the Superior Court of Santa Barbara County. W. B. Cope, Judge.

The facts are stated in the opinion of the court.

Boyce, Taggart & Kellogg, for Appellants.

B. T. Thomas, for Respondent.

HARRISON, J.—Motion to dismiss the appeal. Judgment was rendered herein May 26, 1896, in favor of the plaintiff, correcting and reforming a deed of conveyance to her of certain property, and declaring its effect, and also declaring her to be the owner of certain lands and entitled to recover the possession thereof from the defendants, and giving her also a money judgment against two of the defendants. The action was brought against thirty defendants, of whom thirteen appeared and answered the complaint, and the other seventeen made no appearance, and the judgment was rendered against them upon their default. The notice of appeal was given April 22, 1897, and is signed by the attorneys of the defendants who had answered, and, although it purports to be an appeal by "the defendants," there is a stipulation in the record that the appeal is taken on behalf only of the defendants who have appeared in the action, and not on behalf of the defaulting defendants. (See also, *Spanagel v. Dellinger*, 42 Cal. 148.) The respondent now moves to dismiss the appeal upon the ground that after the entry of the judgment, and prior to taking the appeal, the judgment was satisfied; and in support thereof presents an affidavit showing that by virtue of an execution issued upon the judgment the sheriff had placed the plaintiff in possession of the land recovered by her in the action, and that by virtue of a levy under said execution, upon certain personal property of the defendants against whom the money judgment was rendered, had

received and paid to the plaintiff the amount of the judgment, and that a satisfaction of said judgment had been acknowledged upon the margin of the record by her attorney.

The defendants had the right to appeal from the judgment against them at any time within one year from its entry, and, by section 957 of the Code of Civil Procedure, in case of a reversal of the judgment are entitled to a restitution of all property and rights lost by reason of the judgment. The plaintiff cannot deprive them of this right by enforcing an execution of the judgment before the time for an appeal has expired. It has been held that a party in whose favor a judgment has been rendered cannot enforce the judgment, and while enjoying its benefits appeal therefrom and seek its reversal. (*People v. Burns,* 78 Cal. 646; *In re Baby,* 87 Cal. 200; 22 Am. St. Rep. 239; Freeman on Judgments, sec. 480 a.) *Morton v. Superior Court,* 65 Cal. 496, was a collateral attack upon the judgment by way of *certiorari,* and did not involve the right of an appeal from a judgment that had been satisfied. The expression in the opinion, "satisfaction means payment, and payment of a judgment cannot be treated as void for the purpose of attacking the jurisdiction of the court that rendered it," is to be considered with reference to the character of the proceeding before the court, which involved only the jurisdiction of the court to render the judgment, and as holding that a voluntary payment of a judgment by the defendant cannot be treated as void for the purpose of attacking the "jurisdiction" of the court that rendered it. Section 1049 of the Code of Civil Procedure cannot be invoked to abridge the right of appeal where a judgment has been satisfied against the will of the appellant.

The dismissal is also asked upon the ground that the notice of appeal should have been served upon the defaulting defendants. It was not necessary to serve these defendants with the notice of appeal unless they are "adverse parties"; and whether they are adverse parties depends upon whether a reversal of the judgment will injuriously affect their interest in the matter determined by the judgment. This fact must be determined from the record on the appeal, and cannot be shown by affidavits outside of this record. (*Harper v. Hildreth,* 99 Cal. 265; *Estate of Ryer,* 110 Cal. 560.) There is no joint relation alleged between

the defendants herein, and the judgment against each is several and independent. The judgment in favor of the plaintiff quieting her title, and giving her the right of possession to the lands described therein as against the defaulting defendants, could not be affected by its reversal at the instance of the defendants who have appealed. (*Randall v. Hunter*, 69 Cal. 80.) It cannot be said that a reversal of that portion of the judgment which reforms the deed to the plaintiff would injuriously affect the interests of the nonappealing defendants.

The motion is denied.

Garoutte, J., Van Fleet, J., McFarland, J., Temple, J., and Henshaw, J., concurred.