[L. A. No. 488.   Department Two.—June 16, 1899.]

U. YNDART, Respondent, v. N. C. DEN et al., Appellants.

FORECLOSURE OF MORTGAGE—SALE UNDER DECREE—APPEAL—MODI-
FICATION—EXCESS OF INTEREST — RESTITUTION.—Where mort-
gaged property was sold under a decree of foreclosure, prior to
an appeal therefrom which was taken one day before the time
for redemption expired, without any stay bond, and the judg-
ment was merely modified upon the appeal as to an excess of
interest allowed, and affirmed in other respects, the defendant
is not entitled to have the sale under the decree set aside, and
is only entitled to restitution of the excess of interest.

ID.—DISCRETION AS TO RESTITUTION—SETOFF OF RENTS AND PROF-
ITS.—The court has discretion in the matter of restitution; and
where it appears that the defendant, after the sale, received
rents and profits to which the purchaser was entitled, to an
amount greater than the excess of interest included in the judg-
ment, the court may, in its discretion, allow such rents and
profits as a setoff to such excess.

APPEAL from an order of the Superior Court of Santa Bar-
bara County denying an application to set aside a sale under
foreclosure and to restore the property sold.   W. S. Day, Judge.

The facts are stated in the opinion.

John J. Boyce, Bishop & Wheeler, and J. W. Taggart, for
Appellants.

Richards & Carrier, for Respondent.

CHIPMAN, C.—Appeal from an order modifying the judg-

ment herein, but refusing to set aside a sale made under the original judgment and restore the property so sold.

The action was for foreclosure of mortgage, in which judgment was entered May 14, 1895. On June 8, 1895, the mortgaged premises were sold, and on the same day the sheriff made return of full satisfaction of the judgment, and on December 10, 1895, his deed was made to the plaintiff as purchaser. On December 7, 1895, the day before the time for redemption had expired, defendants appealed from the judgment of foreclosure to this court; its decision was rendered April 23, 1897, and is reported in *Yndart v. Den*, 116 Cal. 533; 58 Am. St. Rep. 200. The judgment here was that the original decree included interest in excess of that which should be allowed, and the cause was remanded, with directions to modify the decree in this particular "as of the date when the judgment appealed from was entered; and when thus modified and entered the decree will stand affirmed." *Remittitur* was filed in the lower court May 26, 1897. Thereupon defendants served notice that they would, on June 4, 1897, move the court to modify said decree, as originally made and entered, "in accordance with the decision of the supreme court in said matter"; and that "by virtue of said modification and decision . . . . to set aside the sale of the property made by the sheriff . . . . as shown by the return of the sheriff filed in said cause; and to make restitution to said defendants of all property and rights lost by the said erroneous judgment and decree of said superior court," et cetera. The motion was to be heard upon the papers on file in said cause and on the affidavit of defendant N. C. Den. In his affidavit defendant Den avers that he is the husband of defendant Isabel Den, to whom the mortgaged premises belonged, and as her agent has attended to all business connected with said action, and is more familiar with the same than the said Isabel; that the property sold for seventeen thousand seven hundred and eleven dollars and one cent, and plaintiff became the purchaser to whom certificate of purchase was issued, and to whom on December 10, 1895, the sheriff delivered his deed to said property, and that plaintiff thereupon went into possession and has ever since remained in possession thereof under said deed; that at that time and now, said property was of the market value of twenty-five

thousand dollars, and that the rents and incomes amounted to two thousand five hundred dollars, which plaintiff received, and that the property would now sell for a sum in excess of the judgment as modified by the said supreme court; that the incomes have been in excess of the amount of interest which would have accrued from the date the judgment was authorized to be entered under the order modifying the same.

Plaintiff filed objections, and claimed that defendants' application did not state sufficient grounds for the modification as asked nor for the restitution of the property, and that the court has no jurisdiction to make such modifications, "there being no judgment in force or existing, the same having been fully satisfied before appeal taken"; and "the court has no power to grant restitution for said property as applied for." With the objections and in support thereof plaintiff made affidavit in which he denies that the property was worth any sum over fifteen thousand dollars; denies that the incomes were two thousand five hundred dollars, or any sum greater than the expenses, or that he has received any sum greater than the expenses per annum; avers that it is impossible to state whether or not the property on resale would bring more than the full amount of the modified judgment; avers that no appeal was taken until the day before redemption from the sheriff's sale expired; that immediately after the sale defendants stated to plaintiff that they could not obtain water for the preservation of the premises and the orchards thereon, and that it was impossible for the said Isabel, the owner of the property, "to carry on or preserve or cultivate said property, as she had not and could not obtain the means for the purpose; and she then proposed that affiant (plaintiff) should go into the possession of the property, take charge of and care for the same and procure water for the use thereof, and advance the necessary funds for the care, management, and cultivation of the same, upon the understanding and agreement that affiant should hold possession and perform such acts until the said property was redeemed, or the time for redemption had expired, and that in case she redeemed the property she would pay affiant all costs and expenses incurred by affiant during the time affiant had possession, and in case she failed to redeem the same affiant was to make no charge against her"; avers that he

went into possession under this agreement, which defendants afterward ratified, and remained in possession under said agreement until the expiration of the time of redemption and issuance of the sheriff's deed; that upon issuance of the deed by the sheriff he was put into formal possession by writ of assistance issued out of the court in which the action was commenced in 1896, and has remained in possession ever since; that during the period of redemption he expended the sum of thirteen hundred dollars in necessary labor, in the purchase of water and care of the premises, and to preserve the property from being impaired and destroyed, and that without such expenditure and care the property would have been impaired in value at least thirty per cent of the price paid by plaintiff at the sheriff's sale; that plaintiff was the only bidder at the sale; that no other bidder could have been found at that time who would have paid over fifteen thousand dollars for the property, and that the property was not then worth the amount of said judgment as modified by said supreme court; that plaintiff "received none of the rents and profits of said property, but defendants received and appropriated to their own use all thereof, and the same were in value more than the amount in which said judgment was modified by the supreme court, and were of value more than fifteen hundred dollars, and defendants have not paid or accounted to affiant for the same." This affidavit of plaintiff is not controverted.

The motion was heard upon the foregoing affidavits and upon the judgment-roll as contained in the transcript in the case on appeal here and the decision of this court of April 23, 1897. The court below modified the decree as directed by this court— *i. e.,* reduced the judgment from sixteen thousand nine hundred and twenty-six dollars and seventy cents to sixteen thousand four hundred and fifty-six dollars and fifty-one cents, as of the date when the judgment was entered; in all other matters the motion was denied. Defendants appeal from this order on bill of exceptions in which the foregoing proceedings appear.

The first appeal was upon the judgment-roll alone, and no stay bond was filed. The only error corrected by the appeal was in the computation of interest. The judgment of the trial court was not reversed; it was modified in this one particular of

interest, which the court below found to amount to four hundred and seventy dollars and nineteen cents, and the judgment was to retain its date as when first entered and when modified to stand affirmed.

Section 957 of the Code of Civil Procedure provides as follows: "When the judgment or order is reversed or modified the court may make complete restitution of all property and rights lost by the erroneous judgment or order," et cetera. Section 1049 of the Code of Civil Procedure provides as follows: "An action is deemed to be pending . . . . until the time for appeal has passed, unless the judgment is sooner satisfied."

The judgment was satisfied against the will of appellants, and section 1049 in such case cannot be invoked to abridge the right of appeal. (*Kenney v. Parks*, 120 Cal. 22.)

Section 957 is not mandatory upon the court, but the power to make restitution rests in the discretion of the court. (*Spring Valley W. W. v. Drinkhouse*, 95 Cal. 220.) Leaving out of view, for the moment, the undenied agreement set up in plaintiff's affidavit, defendants lost no rights or property by the execution of the judgment before the right of appeal had expired except in the single item of the excess of interest included in the judgment. Complete justice will be done defendants by repayment of this excess, to wit, four hundred and seventy dollars and nineteen cents; and the statute does not contemplate any greater relief than the "restitution of all property and rights lost by the erroneous judgment or order." Where the judgment is not reversed, a different situation exists from that where there is a modification which does not disturb the foundation of the sale. This distinction is pointed out in *Hewitt v. Dean*, 91 Cal. 617; 25 Am. St. Rep. 227.

Do the matters set up in plaintiff's affidavit work a setoff to defendant's right to have restored to them the excess of interest included in the judgment? It will be noticed that there was no agreement as to which of the parties was to have the rents and profits of the property. Plaintiff was entitled by law to the rents during the period of redemption. (Code Civ. Proc., sec. 707; *Walker v. McCusker*, 71 Cal. 594.) In support of the order it must be assumed that the facts stated in plaintiff's affidavit are true. It is there stated that defendants received of

rents and profits a sum greater than the excess of interest included in the judgment. In dealing with the question of defendants' right to restitution we think the court could take into consideration the rents received by defendants. We are unable to discover from the facts as they appear that the court erred in its conclusion, and it is advised that the order be affirmed.

Haynes, C., and Britt, C., concurred.

For the reasons given in the foregoing opinion the order is affirmed.          McFarland, J., Henshaw, J., Temple, J.