[S. F. No. 2448.  Department Two.—February 21, 1901.]

## WARNER BROTHERS COMPANY, Respondent, v. TINY, FREUD et al., Appellants.

APPEAL—LOSS OF RIGHT—PAYMENT OF JUDGMENT—DISMISSAL.—A party against whom a judgment has been rendered has not lost the right of appeal by payment of the judgment, unless the payment was by way of compromise, or with an agreement not to take or pursue an appeal; and the appeal will not be dismissed merely for the fact of such payment.

ID.—RELEASE OF ERRORS NOT IMPLIED—RESTITUTION UPON REVERSAL.— A release of errors is not implied from the fact that money or property has changed hands by force of the judgment or decree. If it is reversed upon appeal, the parties will be restored to their rights.

ID.—PAYMENT OF JUDGMENT BY ADMINISTRATRIX—PROTECTION OF ESTATE
—PAYMENT DEEMED COMPULSORY—RIGHT OF APPEAL.—The act of
an administratrix in paying the amount of a judgment directing
her to pay the same within sixty days or forfeit to the plain-
tiff all interest of the estate in certain lands, which the plain-
tiff, as successor of a devisee, had redeemed from sale under
foreclosure of a mortgage executed by the decedent, was pru-
dent, in protection of the estate from a strict foreclosure of its
rights, and might well be regarded as compulsory. Such pay-
ment cannot deprive her of the right of appeal from the judg-
ment, where there was no compromise nor concession by the
respondent, and no condition imposed or assurance given that
the appeal would not be prosecuted.

ID.—RECEIPT NOT SHOWING SATISFACTION—ESTOPPEL OF RESPONDENT.—
Where the respondent refused to receipt for the money paid
by the administratrix as in satisfaction of the judgment fore-
closing the right of the estate, on the ground that an order of
court was necessary for that purpose, and merely receipted for
it as so much money paid by the administratrix, without re-
ferring to the judgment, the respondent is estopped from argu-
ing as a ground for dismissal of the appeal of the administra-
trix that the judgment was satisfied by such payment.

MOTION to dismiss an appeal from a judgment of the Su-
perior Court of the City and County of San Francisco. Ed-
ward A. Belcher, Judge.

The facts are stated in the opinion of the court.

W. S. Goodfellow, and W. B. Bosley, for Appellants.

Hart H. North, Henry E. Monroe, and W. B. Treadwell, for
Respondent.

THE COURT.—The respondent moves to dismiss the appeal
upon the ground "that after the taking of said appeal the ap-
pellant, Tiny Freud, administratrix with the will annexed of
the estate of Morris Freud, deceased, voluntarily paid to the
respondent, and the respondent accepted, the whole sum of
money specified in the decree appealed from, thus effecting a
satisfaction of said decree."

The motion is made upon the transcript and an affidavit
showing that on August 12, 1899, said administratrix paid to
the respondent twelve thousand two hundred and nine dollars
and sixty-seven cents for the purpose of satisfying the judgment

appealed from, and that the money was accepted and the judgment satisfied.

Without stating the facts so fully as might appear to be necessary if the merits of the appeal were now under consideration, the following will suffice for the purposes of this motion.

Morris Freud died testate in 1882, seised of certain real estate which he had mortgaged to the German Savings and Loan Society. By his will he devised to his wife, Tiny Freud, a life estate in said real estate, with remainder to five children in equal proportions, and said Tiny Freud is the administratrix with the will annexed of said estate. After the death of Morris Freud the bank foreclosed its mortgage, and on May 31, 1898, the property was sold thereunder, the bank becoming the purchaser. The respondent, having purchased the interest of one of the remaindermen, on November 30, 1898, as a successor in interest of the mortgagor, redeemed the property by paying to the bank the full amount of eleven thousand six hundred and nine dollars and forty-four cents, and afterward brought the present action against Tiny Freud, as administratrix and also in her personal capacity, and against each of the other devisees, praying that the amount of said redemption money which each of the defendants should severally pay be ascertained, and that in default of such payment by a day to be fixed by the court each of the defendants so defaulting to be forever barred and foreclosed of all interest in the premises.

The answer alleged that the interest which the plaintiff purchased from said devisee was subject to the payment of the debts, charges, and expenses of administration, and that there are such debts, charges, and expenses remaining unpaid.

The court found the proportion of the redemption money that should be paid by each of the defendants, and decreed that in default of payment within sixty days the interest of the defendant so defaulting should vest "absolutely and forever, unconditionally, in the plaintiff."

From said judgment all the defendants appealed, and it is that appeal that respondent seeks to dismiss. The grounds upon which said motion is based have already been stated in the notice of motion and in the affidavit of Mr. North in support of the motion.

In opposition to the motion is an affidavit of Mr. Bosley, one of appellant's attorneys, stating very fully the circumstances under which said redemption money was paid by the administratrix, from which it appears that Mr. Bosley, Mr. Goodfellow, and Mr. Vandall went to the office of Mr. North, the attorney in fact of respondent, taking with them the money required to effect the redemption, a written tender, and a form of receipt to be executed by Warner Brothers Company, by its attorney in fact, and its attorneys, entitled in the court and cause, and the body of which is as follows:

"Received from Mrs. Tiny Freud, administratrix with the will annexed of the estate of Morris Freud, deceased, the sum of twelve thousand two hundred and nine dollars and sixty-seven cents paid by her pursuant to the terms of the decree entered in the above-entitled action and in full satisfaction of the amount provided to be paid by her as such administratrix by the terms of said decree."

Dated August 12, 1899.

The receipt that was given by respondent is as follows:

"San Francisco, August 12, 1899.

"Received from Tiny Freud, as administratrix of the estate of Morris Freud, dec'd, twelve thousand two hundred nine and 67-100 dollars.

"(Signed)   WARNER BROS. CO., a Corp.,
"Per HART H. NORTH,
"Its Attorney in Fact."

This receipt made no reference to the action or the decree or to any purpose for which the money was paid; but to all requests that the receipt prepared by the administratrix should be signed the reply was, "You have your receipt." Mr. Treadwell, of counsel for respondent, said, in effect, that they did not propose to sign anything or do anything that would enable appellant to get any of the money back; that it was their point that the administratrix had no right to effect redemption without an order of court.

The facts stated in Mr. Bosley's affidavit were not replied to.

It will be observed that in the notice of motion to dismiss this appeal there is no statement that the money was received or paid in satisfaction of the decree, but simply that the pay-

ment was voluntary, and the money accepted, "thus effecting a satisfaction of said decree"; and the affidavit of Mr. North is equally careful to avoid any statement that it was received in satisfaction of the judgment appealed from, though he concludes his affidavit with the legal conclusion "whereby the said judgment became and is satisfied."

In an affidavit made by said Tiny Freud in opposition to said motion it is shown that in August, 1900, she filed a petition in the superior court for partial distribution of the estate of Morris Freud in which she alleged that the land described in the judgment appealed from in this action was the community property of herself and said Morris Freud; that the corporation, respondent herein, appeared and filed an opposition to her said petition, in which it was denied that said property was community property, and alleged that in an action commenced by said corporation against said Tiny Freud and all other persons interested in the estate, the superior court, on June 17, 1899, duly made and entered its decree, whereby it was adjudged, among other things, that the interest of Tiny Freud in said real property was a life estate only, and that she had no other interest therein. Her affidavit then proceeds to state that in the present case, in which said judgment was rendered, there was no issue as to whether said real estate was community property, and that she intends to file a supplemental brief and ask that the judgment be reversed or modified in so far as it may be held to determine that she had only a life estate therein.

The appeal in this case is taken by all the defendants, viz.: Tiny Freud, Rosa Vogelsdorf, Hannah Freud, Emily Elaiser, Tiny Freud, as administratrix with the will annexed of the estate of Morris Freud, deceased, and Emma Freud, as executrix of the last will and testament of Isaac Freud, deceased. The judgment specifies the amount to be paid by each of these defendants, and devested the estate of each one who should not pay within sixty days. The appeal is from the whole of the judgment. The alleged satisfaction of the judgment was made by Tiny Freud, as administratrix. It does not appear that any other of the appellants consented to the payment. We see no ground upon which the respondent has any right to have the appeal dismissed as to any of the appellants, unless it be as to the administratrix. It is shown that there are debts, charges,

and expenses of the estate of Morris Freud unpaid. It was her duty to protect the estate as far as possible. If she failed to pay the amount required by the judgment to be paid by her as administratrix, and this court should affirm the judgment, the estate would have been lost to the heirs and creditors. We think she was not bound to determine at her peril what the judgment of this court would be upon the questions of law involved. There was no compromise, no concession by respondent, no condition imposed or assurance given that the appeal would not be prosecuted. On the contrary, respondent expressly refused to sign a receipt acknowledging satisfaction of the judgment; nor has it since offered to give or sign an acknowledgment of satisfaction, nor has any satisfaction of said judgment been entered of record; while the statement of its counsel at the time the money was paid, to the effect that nothing would be signed or done that would enable appellants to get their money back, and that the administratrix had no right to effect redemption without an order of court, would seem to imply that respondent did not intend that the payment should be the end of the matter. But, however that may be, the repeated refusals of respondent to acknowledge satisfaction of the judgment estops it from saying, for the purposes of this motion, that the judgment has been satisfied, and that for that reason the appeal should be dismissed. It cannot for one purpose refuse to acknowledge satisfaction of the judgment, and for another purpose insist that it is satisfied.

In *Hayes v. Nourse*, 107 N. Y. 577, 579,[1] it was said: "It must be deemed too well settled by authority to require further discussion that a party against whom a judgment has been rendered is not prevented from appealing to this court by the fact that he has paid the judgment, unless such payment was by way of compromise, or with an agreement not to take or pursue an appeal."

In *Erwin v. Lowry*, 7 How. 184, the supreme court of the United States said: "Five years is the time allowed for prosecuting appeals to and writs of error out of this court, and in many cases decrees and judgments are executed before any step is taken to bring the case here; yet in no instance within our

---

[1] 1 Am. St. Rep. 891.

knowledge has an appeal or writ of error been dismissed on the assumption that a release of errors was implied from the fact that money or property had changed hands by force of the judgment or decree. If the judgment is reversed, it is the duty of the inferior court, on the cause being remanded, to restore the parties to their rights." Upon this point the foregoing is approved in *O'Hara v. O'Connell*, 93 U. S. 150, 154.

In *Hayes v. Nourse, supra,* the court further said: "The statute giving the right to appeal only requires that the judgment shall be final, that the appeal shall be taken within one year after it is entered, and, anticipating such a case as that now presented, provides that if the judgment appealed from is reversed, the appellate court may make or compel restitution. The same rule prevailed before the code, and it was applied whether the judgment was paid before or after writ of error brought. The only difference was in the manner of proceeding to inform the court of the facts on which the right to restitution depended."

Freeman, in his work on Judgments, section 480a, says: "One against whom a judgment is entered, if he fails to satisfy it, must expect to see his property seized and sold at a sacrifice, and it is difficult to conceive how his payment of the judgment can give rise to any estoppel against his seeking to avoid it for error. The better view, we think, is, that though the execution has not issued, the payment of a judgment must be regarded as compulsory, and therefore as not releasing errors, nor depriving the payor the right to appeal."

In the case at bar the court found that the real estate sold under the mortgage to the bank and redeemed by respondent, Warner Brothers Company, is of the value of twenty-five thousand dollars. The amount paid on August 12, 1899, to respondent, twelve thousand two hundred and nine dollars and sixty-seven cents, was less than one-half the value of the property. The judgment was a strict foreclosure of respondent's claim arising out of its redemption from the foreclosure sale, and under the judgment from which this appeal is taken, unless reversed, or satisfied by payment, the property would become forfeited to respondent. The payment made by administratrix, under these circumstances, was prudent, and might well be regarded as compulsory.

In support of the motion respondent cites several California cases, none of which conflict with those above cited. *Morton v. Superior Court,* 65 Cal. 496, 498, was considered in *Kenney v. Parks,* 120 Cal. 22, 24, where it was said that *Morton v. Superior Court, supra,* "was a collateral attack upon the judgment by way of *certiorari,* and did not involve the right of appeal from a judgment that had been satisfied," and that "section 1049 of the Code of Civil Procedure cannot be invoked to abridge the right of appeal where a judgment has been satisfied against the will of appellant."

*People v. Burns,* 78 Cal. 645, and *In re Baby,* 87 Cal. 200,[2] cited by respondent, were cases where the fruits of the judgment had been received by the appellant. It was held in *Kenney v. Parks, supra,* that in such cases "a party in whose favor a judgment has been rendered cannot enforce the judgment, and while enjoying its benefits appeal therefrom and seek its reversal."

So in *Vermont Marble Co. v. Black,* 123 Cal. 23, it was said: "Appellant first contends that the judgment was satisfied within the meaning of section 1049 of the Code of Civil Procedure, by the execution sale, but this position is not tenable. The judgment was not in fact satisfied, and a forced payment by execution sale against a nonconsenting judgment debtor cannot be held to abridge any of his rights upon appeal"; and *Kenney v. Parks, supra,* was cited.

*San Diego School District v. Supervisors,* 97 Cal. 438, cited in support of the motion, is broadly distinguishable from the present case. That was *mandamus* to compel the supervisors to levy a tax for school purposes. The board levied the tax pursuant to the judgment, and afterward appealed from the judgment which they had executed. This court granted the motion to dismiss the appeal, saying: "A reversal of the judgment would not of itself set aside the levy of the tax which had been made, nor did the appellant, by its compliance with the judgment, lose any property or rights of which restitution could be made in case of reversal. (Code Civ. Proc., sec. 957.) The proceeding was for the purpose of compelling the defendant to perform an official duty, and not one in which it had any personal rights to be affected."

---

[2] 22 Am. St. Rep. 239.

*Ferrea v. Tubbs*, 125 Cal. 691, also cited by respondent, has no application here. The question there was as to the effect of a tender pending the appeal. There was no motion to dismiss the appeal, which was taken by the plaintiff from a judgment in his favor. If he had accepted the amount of the judgment it would, as there said, have been an end of the litigation.

The motion is denied.