[L. A. No. 3147.    Department One.—May 26, 1913.]

# J. E. PATTERSON, Appellant, v. F. W. KEENEY, Respondent.

JUDGMENT — SETTING ASIDE — CONFLICTING AFFIDAVITS — APPEAL.—An order setting aside a judgment and default entered against a defendant, made upon conflicting affidavits, is conclusive on appeal.

ID.—SATISFACTION OF JUDGMENT DOES NOT PREVENT APPEAL.—In this state, the enforced satisfaction of a judgment does not prevent the prosecution of an appeal therefrom by the defendant.

ID.—SATISFIED JUDGMENT MAY BE VACATED—RELIEF UNDER SECTION 473 OF CODE OF CIVIL PROCEDURE.—Under section 473 of the Code of Civil Procedure, a defendant against whom a money judgment has been obtained through his surprise and excusable neglect, may have the judgment vacated, where the facts are such as to justify such relief, notwithstanding the judgment has been satisfied before the application therefor.

ID.—DIRECTION FOR PAYMENT INTO COURT OF MONEY RECEIVED IN SATISFACTION.—In making the order vacating the judgment, the court is without authority to include therein a direction requiring the plaintiff to deposit in court the money received by him in satisfaction of the judgment.

ID.—SERVICE OF PROCESS ON DEFENDANT WHILE ILL AND UNDER ARREST. The plaintiff in this action caused the defendant to be arrested in Los Angeles on October 17, 1911, while he was ill in bed, had him taken to the emergency hospital of that city and held as a prisoner until the next day, and there served upon him the summons in the action. The summons and all other papers on his person, together with the money belonging to him, were taken from him and kept in Los Angeles. On that day he was taken to Kern County and there placed in jail where he was kept until after the judgment by default herein was rendered. He had no opportunity to read the summons and no information of the beginning of the action until after the judgment was rendered. *Held*, that the facts showed surprise and excusable neglect, sufficient to warrant setting aside the judgment under section 473 of the Code of Civil Procedure.

APPEAL from an order of the Superior Court of Los Angeles County setting aside a judgment and default entered against the defendant. Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

CLXV Cal.—30

H. L. McNair, for Appellant.

Will H. Holcomb, and Chester C. Kempley, for Respondent.

SHAW, J.—This is an appeal by plaintiff from an order setting aside a judgment and default entered against the defendant. The judgment had been satisfied by money collected on execution and paid over to plaintiff before the application to set aside the default was filed. The order also directed the plaintiff to deposit the said money with the clerk.

The order was made upon the affidavit of the defendant and counter affidavits filed on behalf of the plaintiff. These affidavits contradicted that of the defendant in every important particular. Where such conflict occurs, the action of the court below in determining whom to believe, is conclusive on appeal to this court. The statements in favor of the respondent must control. (*Doak* v. *Bruson,* 152 Cal. 19, [97 Pac. 1001] ; *Flood* v. *Goldstein,* 158 Cal. 248, [110 Pac. 916].)

The affidavit of the defendant is sufficient, of itself, to establish the fact that the default and judgment were taken against him not only through his surprise and excusable neglect, but through duress and positive fraud practiced upon him by the plaintiff. There was a sufficient affidavit of merits. No ground for reversal appears, so far as these points are concerned. The only questions for consideration are: 1. Whether relief of this character from a judgment for money, can be had, under section 473 of the Code of Civil Procedure, where the judgment has been satisfied before the application is made to set it aside; 2. Whether, in any such case, a court has power to direct a plaintiff to deposit in court the money received in satisfaction of the judgment.

The question concerning the right of relief under section 473 upon a satisfied judgment, appears to be somewhat analogous to the question of the right of appeal from such a judgment. Each is a direct attack upon the judgment or proceeding and is a mode of relief expressly allowed by statute. It is the established rule in this state that enforced satisfaction of a judgment does not prevent the prosecution of an appeal therefrom by the defendant. (*Kenney* v. *Parks,* 120 Cal. 24, [52 Pac. 40] ; *Vermont M. Co.* v. *Black,* 123 Cal. 23, [55 Pac. 599] ; *Yndart* v. *Den,* 125 Cal. 89, [57 Pac. 761] ; *Warner*

v. *Freud,* 131 Cal. 645, [82 Am. St. Rep. 400, 63 Pac. 1017].)
There is a remark in the case of *Morton* v. *Superior Court,*
65 Cal. 496, [4 Pac. 489], to the effect that no relief can
be had against a judgment after it has been satisfied by pay-
ment. This was a case in *certiorari.* Whether a different
rule applies in such cases or not it is not necessary here to
determine. The case was distinguished in *Kenney* v. *Parks,*
120 Cal. 24, [52 Pac. 40], the point was not discussed and
the remark in the Morton case does not call for any exten-
sions, or the application thereof to other proceedings. The
question was elaborately treated in a note to *State* v. *Conkling,*
45 Am. St. Rep. 271, where all the cases are cited. It ap-
pears therefrom that the great weight of authority elsewhere
is in accordance with the present rule in California. It must
be admitted that the rule allowing such relief is more in
accordance with justice than the rule which denies it. Such
cases should not be confused with those which deny to a party
who has availed himself of the part of a judgment which is
beneficial to him, the right to prosecute an appeal from de-
pendent parts thereof which are against him. (*Estate of
Shaver,* 131 Cal. 221, [63 Pac. 340] ; *San Bernardino* v.
*Riverside,* 135 Cal. 620, [67 Pac. 1047] ; *Storke* v. *Storke,* 132
Cal. 349, [64 Pac. 578] : *People* v. *Burns,* 78 Cal. 646, [21
Pac. 540].)

The present case, if we accept the facts as stated in defend-
ant's affidavit, is clearly one for the application of the rule
to proceedings under section 473 of the Code of Civil Pro-
cedure. The action was begun on October 18, 1911. Judg-
ment was rendered on October 31, 1911. Execution was
issued on the same day and immediately levied on moneys
taken from the defendant and satisfaction was made there-
with. Proceedings to set aside the default and judgment
were begun on November 27, 1911. From the affidavit it
appears that the plaintiff caused the defendant to be arrested
in Los Angeles on October 17, 1911, while he was ill in bed,
had him taken to the emergency hospital of said city and
held as a prisoner until the next day and there served upon
him the summons in the action; that the summons and all
other papers on his person, together with the money belong-
ing to him, were taken from him and kept in Los Angeles;
that he was on October 18th taken to Kern County and there

placed in jail where he was kept until after the judgment herein was rendered; that he had no opportunity to read the summons and had no information of the beginning of the action until after the judgment was rendered. The proceedings were clearly an abuse of process if they were of the character set forth in this affidavit. It may be that under some circumstances satisfaction of the judgment might be made in such a manner, or upon such conditions, that relief therefrom should be refused. Certainly, nothing of the kind appears in the present action from the facts upon which it appears the court based its order. We are of opinion that in proceedings under section 473 of the Code of Civil Procedure relief may be had although the judgment has been satisfied before the application therefor, where the facts are such as to justify such relief.

We find no authority for the part of the order which required the plaintiff to deposit in court the money received by him in satisfaction of the judgment. We have no statute authorizing such order of restitution. On general principles we think it would be fairer and more conducive to justice to allow matters to stand *in statu quo,* at least until the defendant has made answer and the case has been tried upon the issues presented. Whether in a case where it appears, upon such trial, that the plaintiff has acted as oppressively and unfairly toward the defendant as it is claimed he has done in this case, the court has power to order a restitution in the action, is a question which it is not necessary here to decide. The part of the order requiring restitution was irregular and unauthorized.

The order appealed from is modified by striking therefrom the words ''and money ordered placed in the hands of the county clerk.'' As so modified the order is affirmed.

Angellotti, J., and Sloss, J., concurred.