[Civ. No. 6928. Second Appellate District, Division Two.—June 12, 1930.]

C. H. HARTKE, Respondent, v. F. C. ABBOTT, Appellant.

Patrick F. Kirby for Appellant.

Dryer, Castle & Hartke and Woodruff, Musick, Pinney & Hartke for Respondent.

GATES, J., *pro tem.*—This case is before us on motion of respondent to dismiss an appeal of appellant from a judgment in an action on a promissory note. After the demurrer of plaintiff to defendant's answer was sustained without leave to amend, judgment was granted as prayed. The present motion to dismiss the appeal therefrom is based upon the pleadings, records, papers and files in the action, including the transcript on appeal, together with the respondent's affidavit. The grounds relied upon for a dismissal are that the judgment has been completely settled and compromised; that all questions involved have become moot and abstract by reason of the payment of the amount claimed and the settlement of all issues, and that a decision in the cause would serve no useful purpose.

The salient facts may be gleaned from the affidavits of the respective parties. It appears that on December 8, 1925, respondent filed in the Superior Court of Los Angeles County an action against this appellant. He caused an attachment and garnishment to be issued and levied upon the Home Insurance Company of New York and upon the Springfield Fire & Marine Insurance Company attaching and garnishing moneys in their possession belonging to appellant by reason of certain fire insurance policies written by them in his favor, and by reason of fire which destroyed certain property of appellant, which property was covered by the policies. On January 16, 1929, judgment was rendered in certain actions instituted by appellant against the insurance companies in Yuma, Arizona, in the sum of $2,100 in each case, based upon the fire insurance policies. On January 20, 1929, respondent received judgment against appellant in the sum of $3,016, this being the judgment upon which this appeal is based. No stay bond was filed. On June 12, 1929, each of the insurance companies filed their respective complaints in the United States District Court in Phoenix, Arizona. In these

cases the parties herein were named as well as all other parties claiming an interest in appellant's judgment which he obtained by reason of his policies and the fire. The parties, as well as all others who were interested therein, filed pleadings in the suits in the United States District Court.

The money represented by the judgments obtained by appellant was deposited with the clerk of the United States District Court to be distributed in accordance with the decree to be rendered by such court. Respondent filed his answer and cross-complaint in each of the actions, asserting a claim to the funds superior to the claims of the other defendants. This claim was grounded upon the theory that the judgment he had obtained in the Superior Court of Los Angeles County and the attachment theretofore issued in said action gave to him this right. Appellant answered the cross-complaint in each action, admitting the judgment was granted after a demurrer was sustained without leave to amend and alleging that he intended to prosecute an appeal therefrom. The demurrers filed by respondent to the answers, and each of them, were sustained by the federal court with leave to file amended answers. Appellant did not file amended answers in either of said actions.

On January 13, 1930, appellant and respondent, as well as the other parties to the United States District Court actions, entered into certain stipulations allowing the District Court to enter its decree distributing the funds deposited with the court in accordance with the allegations of the pleadings in the actions. The stipulation, after the opening part thereof, states: " . . . that the Court may enter its decree herein distributing the funds deposited with said Court in accordance with the rights of the respective parties as shown by the facts as alleged in the pleadings herein." Thereafter, pursuant to the stipulation, the money in the District Court was distributed to the parties who were found by that court, upon the facts stated in the pleadings, to be entitled thereto. Respondent ln the federal actions obtained the full amount due him on his superior court judgment. Thereafter, without the consent or knowledge of appellant, he executed and filed a satisfaction of judgment in the superior court case.

Respondent contends that the United States District Court judgments, wherein the money was distributed, have fully

satisfied the superior court judgments. He further contends that this appeal should be dismissed, claiming that all questions involved herein have become moot by reason of the judgments or decrees of the District Court, which decrees were rendered pursuant to stipulation of all parties, and that the decrees, in ordering distribution of the money to the various claimants, had the effect of satisfying the superior court judgment upon which this appeal is based. The general rule that the voluntary satisfaction of a judgment deprives a party of the right of appeal is, however, subject to certain other well-established principles of law.

■ Section 1049 of the Code of Civil Procedure cannot be used to abridge the right of appeal where a judgment has been satisfied against the will of the appellant. (2 Cal. Jur. 228.) And further, mere enforced satisfaction of a judgment does not prevent the prosecution of an appeal therefrom by the defendant. (*Knight* v. *Marks,* 183 Cal. 354 [191 Pac. 531] ; *Sunset Lumber Co.* v. *Bachelder,* 167 Cal. 512, 517 [Ann. Cas. 1916B, 664, 40 Pac. 35] ; *Patterson* v. *Keeney,* 165 Cal. 465 [Ann. Cas. 1914D, 232, 132 Pac. 1043] ; *Buckeye Refining Co.* v. *Kelly,* 163 Cal. 8 [Ann. Cas. 1913E, 840, 124 Pac. 536] ; *Warner Bros.* v. *Freud,* 131 Cal. 639 [82 Am. St. Rep. 400, 63 Pac. 1017] ; *Yndart* v. *Den,* 125 Cal. 85, 89 [57 Pac. 761] ; *Vermont Marble Co.* v. *Black,* 123 Cal. 23 [55 Pac. 599] ; *Kenney* v. *Parks,* 120 Cal. 22 [52 Pac. 40] ; *Ramsbottom* v. *Fitzgerald,* 6 Cal. Unrep. 214 [55 Pac. 984] ; *Preluzsky* v. *Pacific Co-operative Cafeteria Co.,* 195 Cal. 290 [232 Pac. 970] ; *Graham* v. *Alchian,* 51 Cal. App. 263 [197 Pac. 134].)

■ It has been held by our Supreme Court that the voluntary payment of a judgment will not deprive a party of his right to appeal unless it is shown that the payment was by way of compromise or with an agreement not to take or prosecute an appeal. (*Warner Bros.* v. *Freud, supra; Hayes* v. *Nourse,* 107 N. Y. 577 [1 Am. St. Rep. 891, 14 N. E. 508].) The principle is stated in 2 Ruling Case Law, page 65, section 47, as follows: "As a general rule, however, one against whom a judgment or decree for a sum of money has been rendered does not, by voluntarily paying or satisfying it, waive or lose his right to review it upon a writ of error or appeal unless such payment or satisfaction was by way of compromise or with an agreement not to

pursue an appeal or writ of error. . . . The better view accordingly is, that though the execution has not issued the payment of a judgment must be regarded as compulsory, and therefore as not releasing error, nor depriving the payer of the right to appeal. Certainly the fact that the satisfaction of the judgment is coerced by execution or other process, such satisfaction being *in invitum,* does not operate as a waiver of the right to an appeal or writ of error.'' The foregoing rule finds support in *Warner Bros.* v. *Freud, supra; Nashville, C. & St. L. R. Co.* v. *Bean,* 128 Ky. 758 [129 Am. St. Rep. 333, 109 S. W. 323]; *Hayes* v. *Nourse, supra; Burrows* v. *Mickler,* 22 Fla. 572 [1 Am. St. Rep. 217]; *Cassell* v. *Fagin,* 11 Mo. 207 [47 Am. Dec. 151]; *Green* v. *Hall,* 43 Neb. 275 [47 Am. St. Rep. 761, 61 N. W. 605]; *Johnson* v. *State,* 172 Ala. 424 [Ann. Cas. 1913E, 296, 55 South. 226]; *Workman* v. *Salzer Lumber Co.,* 51 N. D. 280 [199 N. W. 769]; *Hogue* v. *McAllister,* 122 Wash. 347 [210 Pac. 671]; *Ricketts* v. *J. G. McCrory Co.,* 138 Va. 548 [121 S. E. 916]; *Culp* v. *Sandoval,* 22 N. M. 71 [L. R. A. 1917A, 1157, 159 Pac. 956]; *Farmers' & Merchants' State Bank* v. *Michael,* 36 S. D. 172 [153 N. W. 1008]; *The Barge No. 25,* (C. C. A.) 14 Fed. (2d) 107; *Dakota County* v. *Glidden,* 113 U. S. 222 [22 L. Ed. 981, 5 Sup. Ct. Rep. 428]; *Hoogendorn* v. *Daniel,* 202 Fed. 431, 120 C. C. A. 537; *Josevig-Kennecot Copper Co.* v. *James F. Howarth Co.,* (C. C. A.) 261 Fed. 567; *Preluzsky* v. *Pacific Co-operative Cafeteria Co., supra.*

In *Patterson* v. *Keeney,* 165 Cal. 465 [Ann. Cas. 1914D, 232, 132 Pac. 1043], the Supreme Court, speaking through Justice Shaw, said: ''It is the established rule in this state that enforced satisfaction of a judgment does not prevent the prosecution of an appeal therefrom by the defendant. (*Kenney* v. *Parks,* 120 Cal. 24 [52 Pac. 40]; *Vermont M. Co.* v. *Black,* 123 Cal. 23 [55 Pac. 599]; *Yndart* v. *Den,* 125 Cal. 85, 89 [57 Pac. 761]; *Warner Bros.* v. *Freud,* 131 Cal. 639, 645 [82 Am. St. Rep. 400, 63 Pac. 1017].) . . . It appears therefrom that the great weight of authority elsewhere is in accordance with the present rule in California. It must be admitted that the rule allowing such relief is more in accordance with justice than the rule which denies it. Such cases should not be confused with those which deny to a party who has availed himself of the part of a

judgment which is beneficial to him, the right to prosecute an appeal from dependent parts thereof which are against him. (*Estate of Shaver,* 131 Cal. 221 [63 Pac. 340]; *San Bernardino* v. *Riverside,* 135 Cal. 620 [67 Pac. 1047]; *Storke* v. *Storke,* 132 Cal. 349 [64 Pac. 578]; *People* v. *Burns,* 78 Cal. 646 [21 Pac. 540].)'' For an elaborate statement of the above rule see 3 C. J. 675–678. Practically the same principle is set forth in 15 Cal. Jur. 268, in the following language: ''A *judgment debtor* who has paid a judgment may nevertheless appeal from it, though not so in the case of a *judgment creditor* who has accepted payment.'' (Italics ours.) The above distinction is pointed out in *Union Lithograph Co.* v. *Bacon,* 179 Cal. 53 [175 Pac. 464].

The logic of the foregoing rule may be found in the quotation from Freeman on Judgments, section 480a, which is quoted in full in *Warner Bros.* v. *Freud, supra,* as follows: ''One against whom a judgment is entered, if he fails to satisfy it, must expect to see his property seized and sold at a sacrifice, and it is difficult to conceive how his payment of the judgment can give rise to any estoppel against his seeking to avoid it for error. The better view we think is that though the execution has not issued, the payment of a judgment must be regarded as compulsory, and therefore as not releasing errors nor depriving the payer of the right to appeal.''

█ In the instant case the superior court judgment was not final for the reason that an appeal was pending. (*Smith* v. *Smith,* 134 Cal. 117 [66 Pac. 81]; *Ramish* v. *Workman,* 33 Cal. App. 19 [164 Pac. 26]; *Feeney* v. *Hinckley,* 134 Cal. 467, 468 [86 Am. St. Rep. 290, 66 Pac. 580].) No property rights, therefore, could be predicated upon it. By the above statements we do not wish to be understood as saying that a judgment from which an appeal is pending cannot in a proper matter be considered for any other purpose, for such is not the rule. (*Lincoln* v. *Superior Court,* 95 Cal. App. 35 [271 Pac. 1107].)

Had the court ruled as it did without any stipulation there is no doubt but that the payment to respondent would be considered involuntary. █ Did the execution of the stipulation make the payment voluntary? Conceding, but not deciding, that it did, can it be said that such payment had the effect of a compromise or a settlement of the obliga-

tion? We are sure that it had not. It is perfectly clear that there was no agreement to refrain from further prosecuting the appeal from the judgment. A fair and liberal interpretation of the stipulation shows that the parties agreed to a distribution of the money in the hands of the clerk "in accordance with the *rights of the respective parties as shown by the facts alleged in the pleadings herein.*" (The italics are ours.) The facts alleged by respondent showed that he had a valid judgment, even though not final, against appellant for a certain amount and that the same was unpaid. Also that he had previously obtained a preference over the money by reason of an attachment and garnishment. The stipulation amounted to nothing more than saying to the federal court that it could make a distribution of the money in accordance with the rights of the parties as shown by the facts alleged therein.

Undoubtedly, if the judgment is reversed, the appellant will not be without his remedy. The superior court judgment, as stated, was not final. If we dismiss the appeal and the dismissal becomes final it will be tantamount to an affirmance of the judgment. (Code Civ. Proc., sec. 955.) We would by such affirmance forever preclude appellant from having an appellate tribunal determine whether the trial court erred in sustaining the demurrer to his answer without leave to amend, which ruling ultimately resulted in the judgment that appellant is now endeavoring to have this court reverse. The question presented in this appeal, which question concerns the action of the superior court, could not have been raised in the federal courts, but only in the state courts.

The rule is well settled as to when a matter is moot and when it is not. The Supreme Court of South Dakota, in *Clark* v. *Beadle Co.*, 40 S. D. 597 [169 N. W. 23], has laid down the rule as follows: "However, both reason and authority support the proposition that whenever the judgment, if left unreversed, will preclude the party against whom it is rendered as to a fact vital to his rights, such as to the validity of a contract upon which his rights are based, it cannot properly be said that there is left before the appellate court but a moot question, even though on account of changed conditions the relief originally sought by appellant cannot be granted upon the reversal of such judg-

ment.'' The same rule is announced in 2 R. C. L. 170 and also in 4 C. J. 576, 577. The principle is also discussed in *Kaufman* v. *Mastin,* 66 W. Va. 99 [22 L. R. A. (N. S.) 855, 66 S. E. 92]. In *City of Albany* v. *Georgia-Alabama Power Co.,* 152 Ga. 119 [108 S. E. 528], the Supreme Court of Georgia refused to dismiss an appeal because the showing was not made that the questions were ''completely moot.''

From the foregoing authorities it clearly appears that where there is left any material or vital question for determination—and we have found that such question exists here—the court should not dismiss the appeal but should permit it to be heard on the merits.

Motion to dismiss is denied.

Craig, Acting P. J., and Thompson (Ira F.), J., concurred.