*Kinney, McClanahan & Cooper* for defendant.

---

## In re CLINTON J. HUTCHINS, Trustee.

ORIGINAL.

SUBMITTED APRIL 21, 1904.      DECIDED MAY 4, 1904.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

Sec. 17, Act 32, Laws of 1903, relating to executions pending appeals, applies to proceedings for summary possession as well as to other proceedings.

Under that section, execution cannot issue pending appeal unless upon upon good cause shown and an opportunity given to stay execution by filing a supersedeas bond.

In passing upon the question of issuing an execution in such case, the magistrate acts judicially, and certiorari lies in case he issues execution without allowing the defendant a hearing or an opportunity to file a supersedeas bond.

OPINION OF THE COURT BY FREAR, C.J.

The second District Magistrate of North Kona, Hawaii, rendered judgment for the plaintiff in a summary proceeding for possession brought by the Kapiolani Estate, Limited, as landlord, against Clinton J. Hutchins, trustee, and the Henry Waterhouse Trust Company, Limited, as tenants. The defendants appealed to the Circuit Court of the Third Circuit, jury waived. Thereafter the Magistrate issued execution, namely, a writ of possession, at the instance of the plaintiff without notice to the defendants or an opportunity on their part to be heard or to give a supersedeas bond under C.L., Sec. 1435, as amended by Sec. 17 of Act 32 of the Laws of 1903, whereupon this petitioner, one of the defendants in that proceeding, petitioned for this writ of certiorari directing the magistrate to send to this Court a copy of the proceedings had in his court subsequent to the appeal, which he has done. The Magistrate now moves to quash and dismiss this writ on the grounds that the petition therefor fails to state facts sufficient to authorize its issuance and that a writ of possession may issue under the provisions of the summary possession statute irrespective of the provisions of said Sec. 17 of the Act of 1903, which relates to supersedeas bonds, etc., on appeals in general from Magistrates.

If, as we hold, Sec. 17 of the Act of 1903 applies, the motion must be overruled and it will be unnecessary to pass upon several other questions that were argued on the possibility that the Court might hold that execution might have issued irrespective of said Sec. 17.

The respondent's contention is that the landlord and tenant statute (C.L., Secs. 1679-1688) from its very nature as a summary possession statute and in view of its special provisions and the practice under similar laws elsewhere, permits execution to issue notwithstanding an appeal, and that a stay of execution may be effected (under Sec. 1688) in a case of this nature pending an appeal only by giving a bond for rent to accrue when the proceeding is brought on the ground of nonpayment of rent.

This statute appears to have been taken largely from similar statutes elsewhere, and yet there are such differences that it is unsafe to give much weight to the points of similarity. Most other statutes of this kind allow an appeal and many allow a supersedeas. The statute formerly contained a special provision (Civ. Code, Sec. 948) allowing an appeal to be taken in a case of this kind within twenty-four hours, provided a bond were filed for the prosecution of the appeal without delay. Immediately following that section was the present Sec. 1688 of the Civil Laws, providing that in case of judgment for the plaintiff when the defendant was proceeded against for the non-payment of rent, the latter should not be allowed to keep possession and take his appeal without giving a bond for rent to accrue in case it should finally be determined that the plaintiff was entitled to possession. Whether, construing those two and other sections together, the last mentioned section should be regarded as permitting a stay in the particular case on the assumption that otherwise there would be no stay in any case, or as preventing a stay in the particular case unless a bond were filed for rent to accrue on the assumption that otherwise there would be a stay in all cases, we need not decide. The section (C.C., Sec. 948) providing for the appeal was repealed by the Laws of 1892, Ch. 57, known as the judiciary act, which provided (C. L., Sec. 1430, since amended) for appeals "from all decisions of District Magistrates in all matters" and (C.L., Sec. 1435) that an appeal in any cause provided for in that act should operate as an arrest of judgment and stay of execution, with a proviso that execution might issue pending such appeal upon good and sufficient cause being shown therefor. By the amendment of this last mentioned section by Sec. 17 of Act 32 of the Laws of 1903, it was provided that an appeal in any case from a District Magistrate should operate as an arrest of judgment and a stay of execution, with a proviso that the Magistrate might, upon good cause shown, allow execution to issue pending the appeal unless a bond should be filed, conditioned for the prosecution of the appeal and the performance of the judgment.

It was evidently the intention to provide by Act 57 of the Laws of 1892 that appeals in cases of this kind should thereafter be taken as in other cases. The provision (C.L., Sec. 1430) of that act allowing an appeal is now the only provision under which an appeal can be taken in a case of this kind, and Sec. 17 of the Act of 1903, amending C.L., Sec. 1435, of course applies to appeals under Sec. 1430. Accordingly, execution could not properly be allowed except upon good cause shown by the defendant and after failure of the defendant to file a supersedeas bond within a time fixed by the Magistrate. The defendants were entitled to a hearing and, in case good cause were shown for execution, an opportunity to stay execution upon filing a bond. Of course, if the petitioner came within one of the excepted classes mentioned in Sec. 17, it would be unnecessary to file such a bond in order to stay execution.

It is conceded that if Section 17 applies, the functions of the Magistrate in the matter of allowing an execution pending an appeal are sufficiently judicial, as distinguished from ministerial, to support certiorari.

The motion to quash and dismiss the writ is denied, and the respondent given five days in which to answer.

*Cathcart & Milverton* for petitioner.

*Kinney, McClanahan & Cooper* for respondent.

---

I concur in the order overruling the motion to dismiss for the reason that the motion is in the nature of a demurrer and admits the facts set out in the petition and these facts being admitted the grounds of the motion are not well taken.

C. A. GALBRAITH.