## MRS. INOAOLE AHULII *v.* YIP LAN.

### MOTION TO DISMISS WRIT OF ERROR.

ARGUED JULY 13, 1915.                    DECIDED AUGUST 4, 1915.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

APPEAL AND ERROR—*motion to dismiss writ—evidence.*

On motion to dismiss a writ of error on the ground that a
writ of possession issued and was fully satisfied before the writ
of error issued, the writ of possession and return thereon, and an
affidavit *aliunde* showing that defendant had paid the costs, will
not be stricken from the record on motion, the same being com-
petent evidence for the purpose of the motion; but an affidavit
of the officer executing the writ of possession, showing what he
did, will be stricken from the record on motion, as the execution
of the writ must be shown by the officer's return, which, if de-
fective, may be cured by amendment in the court below, but not
otherwise.

SAME—*same—validity of writ of possession.*

Where the defendant in error moves to dismiss the writ of
error on the ground that a writ of possession issued on the judg-
ment was fully satisfied before the writ of error issued, he must
show that the writ of possession issued by authority of law; a
writ which issued during the pendency of an appeal from the judg-
ment, without notice to the judgment defendant and without
opportunity to give a stay bond, was without authority of law, and
will not support the motion to dismiss the writ of error, it appear-
ing that the appeal was discontinued after the satisfaction of the
writ of possession and prior to the issuance of the writ of error.

OPINION OF THE COURT BY QUARLES, J.

The plaintiff in error (defendant in an action for summary
possession in the district court of Makawao) has sued out a writ
of error from this court. The judgment below was in favor of the
plaintiff. The docket of the district magistrate shows that the
judgment was rendered on the 26th of February, 1915; that a
certificate of appeal from said judgment to the circuit court
was filed on the same date; that on March 5, 1915, the defend-
ant (plaintiff in error here) perfected his appeal by filing a

bond and paying costs. The transcript of the district magistrate's docket shows also that on the 6th day of March, 1915, the day after the appeal was perfected, a writ of possession was issued by him, which writ of possession was returned into his court on the 26th day of March, 1915, as having been satisfied by putting the plaintiff into possession on the 18th of March, 1915. The plaintiff below (defendant in error here) has moved to dismiss the writ of error upon the ground that the said judgment has been satisfied, basing his motion upon the records and proceedings on file in this court, and on the affidavits of David Morton, deputy sheriff of the district of Makawao, and of Edmund H. Hart, clerk of the circuit court of the second circuit. The affidavit of David Morton shows that he executed the said writ of possession by placing the plaintiff in the action (defendant in error here) in possession of the identical land named in the complaint in the action. The affidavit of Edmund H. Hart shows that he is clerk of the circuit court of the second circuit of the Territory of Hawaii; that said action for summary possession was appealed from the district court of Makawao to the circuit court of the second circuit; that on the 20th of March, 1915, D. H. Case, Esq., and Enos Vincent, Esq., claiming to be the attorneys of the defendant named in the action, discontinued said appeal and paid to deponent, as clerk of the above entitled court, all of the costs which at the time were accrued and due. The plaintiff in error has moved to strike from the files the affidavits of the said David Morton and the said Edmund H. Hart on the ground that said affidavits are not proper parts of the record in this court. The plaintiff in error has. also moved to strike from the files herein the writ of possession, and the return of the deputy sheriff thereon on the ground that it "is not based upon, nor does it conform to, the judgment rendered by the district court of Makawao in the above entitled cause," and that "the certified copy of the record of the district court of Makawao filed herein of all proceedings had prior to the issuance of the writ from the above entitled court, does not

show that any writ of possession was issued from said district court in said case." The motion, in so far as it seeks to strike the return of the deputy sheriff and said writ of possession, is upon the ground that it was not actually filed in the district court of Makawao until after the issuance of the writ of error out of the above entitled court in this case.

We will first dispose of the motions to strike. The motion to strike the affidavit of David Morton, deputy sheriff, explanatory of his return, is sustained. The return of the officer should show the manner, time, place and circumstances under which the writ was executed by him. If any error is made in the return by way of omission or otherwise, such error should be corrected by amendment in the district court.

The motion to strike the affidavit of Edmund H. Hart, clerk of the circuit court of the second circuit, showing payment of costs and discontinuance of the appeal, is overruled. For the purpose of the motion to dismiss the writ of error, the payment of costs by the defendant in the judgment and writ of possession is material, and where that fact has not been shown in the record it is proper for the defendant in error, in support of his motion, to show it by affidavit.

The motion to strike from the record the writ of possession, and the return of the officer thereon, is denied. Whether the said writ of possession and return thereon is properly a part of the record of the district court in this action is not material. The said writ of possession and return thereon is proper evidence in support of the motion of defendant in error to dismiss the writ of error, and it is immaterial as to how the writ of possession and return thereon comes into this court; whether it is filed by the district magistrate as a part of his record in the case, or is filed by the defendant in error in support of his motion.

The defendant in error, in support of his motion to dismiss the writ of error, relies upon the fact that the judgment has been fully satisfied. The transcript of the district magistrate

shows that on the day the judgment was rendered the defendant filed his notice of appeal and within ten days perfected same by paying costs and depositing bond (as required by section 2766 R. L.), which he did on March 5; that on the following day, after the appeal was perfected, the writ of possession issued. There is no showing in the record whatever that the writ of possession issued upon notice to the defendant, or that any showing was made to the district court as to the necessity of issuing the writ. It is apparent from the record that the writ of possession issued during the pendency of the appeal and after the bond perfecting the appeal had been given. While upon a writ of error to review a judgment, ministerial acts subsequent to the judgment, such as the issuing of writs of execution and of *venditioni exponas,* will not be reviewed; yet upon a motion of this kind by the defendant in error to dismiss the writ of error upon the ground that the judgment has been satisfied, the burden of showing the satisfaction of the judgment is upon the movant. *In re Hutchins,* 15 Haw. 624, it was held on certiorari that in summary possession, after an appeal had been taken and perfected, the district magistrate had no jurisdiction to issue a writ of possession without notice to the defendant; that such appeal operates as a stay of execution, unless the magistrate, upon good cause shown, allow execution to issue pending the appeal, unless a bond should be filed conditioned for the prosecution of the appeal and the performance of the judgment. In a case of this kind, where the defendant in error moves to dismiss the writ of error on the ground that execution has been fully satisfied, he must show that a valid execution issued and that such execution has been fully satisfied. Under the decision *In re Hutchins,* supra, we hold that the appeal to the second circuit court removed the cause, during the pendency of that appeal, out of the jurisdiction of the district magistrate, and that the writ of possession issued without authority of law, and writ of error lies to review the judgment of the district magistrate. But for the affidavit of Edmund H. Hart, clerk of the

circuit court of the second circuit, it would appear from the record in this case that the case was pending on appeal to the circuit court, but that affidavit, filed by the defendant in error, shows that the appeal to the circuit court was dismissed before the writ of error was sued out in this court, hence no question of conflict of jurisdiction arises in this case between this court and the circuit court of the second judicial circuit.

The motion to dismiss the writ of error is denied.

*E. Murphy* and *E. C. Peters* for the motion.

*D. H. Case* and *E. Vincent* contra.