AH COOK *v.* MASUNAGA KASAKU, GOTEO, ALSO KNOWN AS J. GARIO, SEGI FURUSATO AND LONSIO WHOSE OTHER NAME IS TO PLAINTIFF UNKNOWN.

## No. 1474.

EXCEPTIONS FROM CIRCUIT COURT SECOND CIRCUIT. HON. D. H. CASE, JUDGE.

SUBMITTED JUNE 14, 1923.          DECIDED AUGUST 16, 1923.

PETERS, C. J., PERRY AND LINDSAY, JJ.

LANDLORD AND TENANT—*writ of possession—effect of pending appeal by tenant.*

Where in cases other than for the nonpayment of rent an appeal by a tenant to the circuit court from a judgment against him in proceedings for summary possession does not operate as an arrest of judgment and stay of execution and a writ of possession may issue at the instance of the landlord notwithstanding such appeal the issuance of such writ does not deprive the appellate court of jurisdiction to hear said appeal.

OPINION OF THE COURT BY PETERS, C. J.

Plaintiff on June 6, 1922, pursuant to the provisions of chapter 154, R. L. 1915, applied to the district magistrate of Lahaina, Maui, to be restored to the possession of certain lands or tenements of which, as he alleged, the defendants, one as lessee thereof for a term of years under a written lease from plaintiff to him, and the others as sublessees thereunder, held possession without right after determination of such tenancy by reason of the forfeiture thereof due to the failure of the lessee to effect fire insurance in a certain sum upon the improvements on the demised premises as required of the lessee in and by said lease. On August 23d following, presumably upon trial had, the magistrate rendered judgment in favor of plaintiff and against the defendants for restitution of the demised premises and ordered a writ of possession to issue accordingly. The defendants duly appealed from the said judgment to the circuit court of the second circuit and a jury. The notice of appeal is dated August 25, 1922, and on the same day the magistrate signed a certificate of appeal wherein he certified that "* * * an appeal from said judgment was duly noted * * * to the circuit court of the second circuit * * * and a jury, from the judgment as set forth in said defendants' notice of appeal hereto attached and made a part hereof * * * and that said appeal has since been duly perfected." On August 25, 1922, there was also issued by the magistrate a writ of possession and plaintiff was put into possession of the demised premises on the same day.

Thereafter, on December 5, 1922, plaintiff moved the circuit court to dismiss defendants' appeal upon the grounds that by reason of the issuance and execution of said writ of possession the relation of landlord and tenant as set forth in the complaint was on the 25th of August, 1922, duly canceled and annulled; that said relation of landlord and tenant having been canceled and annulled

the circuit court was without jurisdiction to hear and determine the cause upon appeal and finally that the defendants were not entitled by law on their appeal to a trial *de novo* upon the facts and issues tried in the district court.   The defendants answered plaintiff's motion to dismiss alleging that before the writ of possession was issued defendants' notice of appeal was duly and regularly filed, all costs paid and a bond filed as required by law, and contended that they had no notice of any motion for the issuance of the writ of possession and that its issuance was therefore void upon the authority of *Ahulii* v. *Yip Lan*, 22 Haw. 708.   Whether the defendants' appeal was perfected before or after the issuance of the writ of possession does not appear.   But we do not consider the order in time of the perfection of the appeal and the issuance of the writ material.

The motion to dismiss was denied by the circuit court and its action thereon is before us for review upon an interlocutory bill of exceptions allowed therefrom.

The plaintiff contends that under the provisions of sections 2762 and 2763, R. L. 1915, an appeal duly perfected from a judgment of a district magistrate in favor of the plaintiff lessor in a proceeding for summary possession, under chapter 154, R. L. 1915, does not operate as an arrest of judgment or a stay of execution except where the proceeding is for the nonpayment of rent, when a stay may be had by the appellant complying with the provisions of section 2762, R. L. 1915, and that this not being the case of a proceeding for the nonpayment of rent, the writ of possession rightfully issued and upon its issuance pursuant to the provisions of section 2761, R. L. 1915, the relation of landlord and tenant between the parties was "canceled and annulled" and having been canceled and annulled, the relation of landlord and tenant ceased to

exist and ousted the circuit court of jurisdiction to hear the cause on appeal *de novo.*

The difficulty with the situation is that plaintiff's premise is incorrect. According to the allegations of his complaint the relation of landlord and tenant ceased to exist upon his reentry upon the demised premises and the resumption of his first and former state therein for breach of the covenant by the lessee to effect fire insurance upon the improvements on the demised premises. Jurisdiction of the district magistrate attached upon the showing that the relation of landlord and tenant existed prior to the accrual to the landlord of the right to possession,—not that it exists at the time of the filing of the complaint. If it existed at the time of the filing of the complaint the landlord would not be entitled to summary possession of the premises. It is upon the theory that the relation of landlord and tenant existed and that the lessee is holding possession of the demised premises without right after the determination of the tenancy by reason of a forfeiture under the conditions or covenants of the lease, that the district magistrate obtained jurisdiction in summary proceedings at the instance of the landlord and the object of the proceeding is to summarily restore the landlord to possession which the lessee by breach of his covenant has forfeited and the landlord by reason of the right of reentry and entry is entitled to recover.

The judgment in summary possession proceedings is for the possession of the premises demanded and constitutes a judicial determination of the plaintiff's right to possession as alleged in the complaint. Where, as here, reentry is made for breach of covenant of an existing lease, its effect is to cancel and annul the relation of landlord and tenant previously existing between the parties. The writ of possession is merely the process of the court by which the judgment is executed. The express

definition of the effect of its issuance contained in section 2761, R. L. 1915, clothes it with no greater attributes than it possesses by reason of the judgment upon which it is predicated. Were the writ granted by statute without defining its effect, it would be no less efficacious. The judgment would fix the status of the parties to the action. And yet it would not be seriously contended that under that state of the case by reason of the effect of the judgment appellants would have no standing in the appellate court for the reason that the judgment canceled and annulled the pre-existing relation of landlord and tenant upon which the jurisdiction of the magistrate depended.

Plaintiff upon judgment in his favor was unquestionably entitled to a writ of possession without any notice to defendants and notwithstanding their appeal. Section 2510, R. L. 1915, does not apply. The court in the *Ahulii* case failed to consider section 3A, act 95, S. L. 1905, carried into the 1915 revision as section 2763, R. L. 1915, and it was incorrectly decided. But the issuance of the writ did not operate to deprive the appellants of their rights under their appeal theretofore taken and perfected.

Section 2507, R. L. 1915, grants generally the right of appeal to the circuit court of the same circuit with a jury "from *all* decisions of district magistrates in all matters, whether civil or criminal." Section 2271, R. L. 1915, reposes in the circuit courts jurisdiction "Of all causes, civil or criminal, that may properly come before them on appeal from any other court according to law." The defendants duly perfected their appeal and unless sections 2761, 2762 and 2763 provide to the contrary, are entitled to a trial before the circuit court *de novo* upon the issues involved under the pleadings. That the defendants have the right of appeal is not denied. That this right should be unavailing however by reason of the issuance of the writ of possession places a construction

upon the statute which the legislature certainly never intended.  Obviously its purpose was to increase the efficacy of the summary character of the proceedings by depriving an appeal in all cases other than proceedings for nonpayment of rent .of its operation as a supersedeas granted by section 2510 and to allow the prevailing plaintiff notwithstanding the appeal to secure immediate possession if he so desired, the propriety or impropriety of the issuance of the writ of possession to depend upon affirmance or reversal of the judgment on appeal.  The issuance of the writ of possession cannot operate to deprive the appellants of their right of trial *de novo* on appeal.  The coercive satisfaction of or response to an ordinary judgment or decree pending appeal does not affect the right of the appellant to prosecute the appeal.  See C. J., title "Appeal and Error," Sec. 1375, p. 1263; *Nashville Etc. Ry. Co.* v. *Bean's Ex'r.,* 109 S. W. (Ky.) 323; *Warner Brothers Co.* v. *Freud,* 131 Cal. 639; *Erwin* v. *Lowry,* 7 How. (U. S.) *184; *O'Hara* v. *MacConnell,* 93 U. S. 150, 154.  We see no reason why the same rule should not apply to the coercive submission by a tenant to the issuance and execution of a writ of possession at the instance of the prevailing landlord in an action for summary possession.  Otherwise, irrespective of the constitutional guarantee of a right of trial by jury in suits at common law where "the value in controversy shall exceed twenty dollars," the effect would be to render the magistrate's court one of final determination of the rights of tenants aggrieved by the judgment of magistrates in actions of summary possession.

The situation of these defendants under the circumstances of this case is exactly the same as though no statutory supersedeas existed.  Under the general appeal statute they have a right to prosecute their appeal and upon final judgment will be determined the propriety of

the issuance of the writ of possession. If the judgment of the district magistrate is finally affirmed the defendants have no cause for complaint. If the judgment of the district magistrate on the other hand is reversed neither the judgment appealed from nor the issuance of the warrant can have the effect of canceling or annulling the relation of landlord and tenant. It is only when a final judgment in summary possession is secured that a writ of possession issued pursuant thereto has that effect. Then and then only will the issuance of the writ of possession within the meaning of section 2761 be deemed to have "canceled and annulled" the relation of landlord and tenant previously existing between the parties.

Plaintiff's exception to the denial of his motion to dismiss is overruled.

*E. Vincent, Watson & Lymer* and *Marguerite K. Ashford* for plaintiff.

*E. Murphy* for defendants.