[L. A. No. 19872.   In Bank.   Dec. 23, 1946.]

Estate of RAE S. MERRILL, Deceased.   EVELYN M. AUMICK et al., Respondents, v. FRED B. MERRILL, Appellant.

John J. McMahon for Appellant.

Arthur E. Schifferman and C. E. Spencer for Respondents.

SPENCE, J.—This is a motion to dismiss five appeals on the ground that the principal judgment from which the appeals stem "has been fully paid and satisfied, and all questions relating thereto are now moot." A "Certificate Re Dismissal," prepared by the county clerk and filed as provided by Rule 42, Rules on Appeal (22 Cal.2d 1, 29), shows the following chronology of events pertinent to the disposition of said motion.

On December 19, 1945, judgment was entered in settlement of the final account of the former special administrator. The court had previously ordered his removal as representative of the estate and appointed one Helen Hillin to act as executrix therein. Objections to the accounting were filed by the executrix and one Evelyn M. Aumick, and except as to a negligible amount of expense, they were sustained as to all items listed, including fees sought on behalf of the former special administrator and his attorney, John J. McMahon. Accordingly, the judgment ordered the former special administrator to pay to the executrix the sum of $2,974.90 then in his hands as property of the estate and to restore the further sum of $4,191.90 wrongfully expended by him, including $3,790.90 paid as attorney fees to John J. McMahon. With respect to this latter item, both the former special administrator and his attorney, John J. McMahon, were made jointly liable.

On December 21, 1945, the following papers were filed by said John J. McMahon: two separate notices of appeal from the judgment, one on behalf of the former special administrator and one on his own behalf; corresponding requests to prepare the transcripts on the respective appeals; and a motion for a new trial. On January 10, 1946, another notice of appeal from the judgment was filed by said John J. McMahon "individually and as an interested party" in the estate. On January 14, 1946, partial satisfaction of the judgment was made by the former special administrator so that there

was left still outstanding only the sum of $3,790.90, the amount of the attorney fees for which both he and John J. McMahon were jointly liable. On January 24, 1946, the following events occurred: the motion for a new trial was denied; the former special administrator "substituted himself, *in propria persona*, in the place and stead of his counsel of record"; and he filed a "withdrawal of all appeals and motions" theretofore taken or made in his behalf. On January 28, 1946, said John J. McMahon again filed "individually and as an interested party" in the estate another notice of appeal declaring it to be taken from the judgment of December 19, 1945, and also from the order of January 24, 1946, denying the motion for a new trial. An appropriate request to prepare transcripts likewise accompanied this latter notice. The clerk's transcript and the reporter's transcript were filed on February 28 and March 6, 1946, respectively. On April 1, 1946, the former special administrator paid the balance of the judgment and a full satisfaction thereof was filed in the estate proceeding. Thereafter and on April 15, 1946, a "motion for settlement of the transcripts" was heard and denied. On April 17, 1946, said John J. McMahon, designating himself as having "a special interest in the . . . estate" and "also a creditor thereof," filed a notice of appeal from said order of April 15, 1946, and an accompanying request to prepare transcripts with respect to said latter appeal.

It is readily apparent from the above recital that there is considerable confusion and duplication in the appeal proceedings in this estate matter. In order to clarify this condition of the record and make disposition of the present motion for dismissal, the appeals will be separately discussed.

■ The appeal of December 21, 1945, taken on behalf of the former special administrator from the judgment of December 19, 1945, should be dismissed since he has voluntarily paid said judgment (Code Civ. Proc., § 1049) and has abandoned his appeal therefrom. (2 Cal.Jur. 224.)

The appeal of December 21, 1945, taken by John J. McMahon on his own behalf from the judgment of December 19, 1945, appears to be identical in substance with the appeals likewise taken by him on January 10 and January 28, 1946, except that the latter in addition includes an appeal from the order denying a motion for a new trial on January 24, 1946. The latter order is nonappealable (*Estate*

*of Green,* 25 Cal.2d 535, 545 [154 P.2d 692]) so that reference thereto adds no force to the January 28 notice of appeal.

The appeal of April 17, 1946, taken by said John J. McMahon from the order of April 15, 1946, refusing to "settle" the transcripts on appeal, serves no useful purpose and may be dismissed. (See *McMahon* v. *Superior Court, ante,* page 515 [175 P.2d 817] for a full discussion of this point.)

There remains for consideration the motion to dismiss McMahon's appeal from the principal judgment (his subsequent appeals of January 10 and January 28, 1946, from the same judgment should be dismissed as superfluous and unnecessary to the protection of his rights). Under authority of section 911 of the Probate Code, "an attorney may proceed independently, and maintain an action or an appeal" for fees "for services rendered during administration of an estate." (*Stafford* v. *Superior Court,* 1 Cal.2d 321, 324 [34 P.2d 998].) More particular in specification is section 469 of said code, which was enacted in 1941 and which provides that "any attorney who has rendered extraordinary services to the special administrator may apply to the court for compensation" therefor "out of the estate." The refusal to make an order "directing or allowing the payment of . . . [such] attorney's fee" is appealable by virtue of section 1240 of the Probate Code. However, in opposition to McMahon's pursuance of his right of appeal, the argument is made that "the judgment had been satisfied and the question had become moot" so that a decision of the cause on appeal would serve no useful purpose. But such conclusion does not follow under the facts of record herein and the law applicable thereto.

The judgment in question was entered in disposition of the issues raised with respect to the final accounting of the former special administrator and it expressly made McMahon a party to its terms. At the hearing McMahon had appeared in his own behalf as attorney, petitioning in and by the accounts of the former special administrator for fees "in excess of $7,000.00," but his claim was adversely determined in the ruling that he was entitled to no allowance "out of the estate." Such determination was premised upon findings of fraud in the special administrator's procurement of his appointment and in McMahon's participation therein as attorney. Accordingly, both McMahon and the former special administrator were adjudged jointly liable to the executrix for the return of the fees, $3,790.90, which the special

administrator in the course of his administration of the estate had paid to McMahon. But such money decree does not mark the limit of McMahon's concern herein, for it is apparent that the judgment affected his pecuniary interests not simply to the extent of the restoration of funds he had received "out of the estate" but also to the extent of his petition for a further allowance for alleged services to the estate during the time the special administrator was acting as the representative thereof, a period of eighteen months. Moreover, the findings of fraud embraced in the adverse ruling against McMahon's fee claims in the estate constituted a direct attack upon his integrity and conduct as an attorney, and which, if they become final, may well constitute the basis of disciplinary proceedings against him. These are matters which McMahon maintains were erroneously adjudicated by the court and which he has the right to have reviewed on the merits.

It is established in this state that the general rule that the voluntary satisfaction of a judgment deprives a party of the right of appeal is subject to certain other well-settled principles of law. (*Hartke* v. *Abbott,* 106 Cal.App. 388, 391 [289 P. 206].) In the case of voluntary satisfaction of a judgment, deprivation of the right to appeal ensues only when it is shown that the payment of the judgment was by way of compromise or with an agreement not to take or prosecute an appeal. (*Warner Bros. Co.* v. *Freud,* 131 Cal. 639, 645 [63 P. 1017, 82 Am.St.Rep. 400] ; *Patterson* v. *Keeney,* 165 Cal. 465, 466 [132 P. 1043, Ann.Cas. 1914D 232].) In the present case a different situation is presented in that there was no voluntary satisfaction of the judgment by McMahon, the party seeking to proceed with the appeal, but rather the judgment was paid by his joint obligor, without McMahon's knowledge or consent. Under these circumstances showing that the judgment was satisfied without the acquiescence of McMahon, section 1049 of the Code of Civil Procedure cannot be invoked to impair or destroy his right of appeal. (*Hartke* v. *Abbott, supra,* p. 391.)

Manifestly, payment of the money decree by McMahon's joint obligor did not render moot these additional considerations affecting McMahon's status in the estate proceeding: (1) The legal basis of the adverse ruling upon the full scope of his claim for compensation; and (2) the related impropriety of the findings adjudging him guilty of fraud in the premises. If McMahon is not allowed to proceed with

his appeal, the judgment in question would attain finality as to these issues without his having the opportunity to test before an appellate court the merits of their adjudication adverse to him. Such termination of this litigation would not accord with sound principles of legal practice and substantial justice. The appeal taken by McMahon should be determined on its merits. (*Metcalf* v. *Drew,* 75 Cal.App.2d 711, 721-722 [171 P.2d 488].)

In line with the foregoing observations, the motion to dismiss is granted as to the appeal taken on behalf of the former special administrator. It is likewise granted as to all appeals taken herein by John J. McMahon on his own behalf except that of December 21, 1945, as to which the motion is denied.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Traynor, J., and Schauer, J., concurred.