[L. A. No. 19765.   In Bank.   Dec. 23, 1946.]

JOHN J. McMAHON, Petitioner, v. SUPERIOR COURT OF THE STATE OF CALIFORNIA et al., Respondents.

John J. McMahon, in pro. per., and William R. Law for Petitioner.

Harold W. Kennedy, County Counsel, William E. Lamoreaux, Deputy County Counsel, Arthur E. Schifferman and C. E. Spencer for Respondents.

SPENCE, J.—Petitioner seeks a writ of mandate to compel respondents to "settle and certify" the clerk's and reporter's transcripts on an appeal taken from a judgment entered in determination of the final account of the former special administrator in an estate proceeding. The mandamus petition was consolidated for oral argument with a motion to dismiss several appeals in this estate proceeding pending in this court. (*Estate of Merrill, post*, page 520 [175 P.2d 819].)

Petitioner premises his application for relief on these facts of record herein: On April 17, 1944, one Fred B. Merrill was appointed special administrator of the Estate of Rae S. Merrill, deceased. Petitioner was his attorney. On October 16, 1945, Merrill's letters were "revoked and declared null and void as of and from the date of issuance thereof" on the ground that he had procured his appointment by a fraud upon the court, and it was ordered that he file "within 10 days . . . his verified final accounting, showing . . . the condition of the estate." One Helen Hillin was then appointed and qualified as executrix of the last will of the deceased. Thereafter and in the latter part of October, 1945, Merrill filed his final account as special administrator and referred therein to his previously rendered first and second accounts which had not been noticed for hearing at the respective dates of filing—December 19, 1944, and July 17, 1945. The accounts showed attorney fees paid to petitioner, certain fees paid to the special administrator, and other costs and disbursements. The executrix and one Evelyn M. Aumick, pretermitted heir under the last will of the deceased, filed objections to the accounts. At the hearing of the accounting matter,

petitioner appeared on behalf of the former special administrator and "also in his own behalf as attorney petitioning in and by said accounts for fees" declared "in excess of $7,000." On December 19, 1945, the court made findings of facts and conclusions of law, and rendered judgment, denying the claims of the former special administrator and petitioner, his attorney.

Among other things, the court found that Merrill was "entitled to no allowance" for fees or commissions because his "acting as special administrator delayed the appointment of the executrix herein and delayed the administration and settlement of this estate," and by reason of the added fact that he "was removed by this court for fraud in the procurement of his appointment and for waste"; that petitioner "was instrumental in procuring the appointment of" Merrill "as special administrator and participated in and procured the said appointment by failure to disclose all facts known to him to the judge making the appointment"; that "all acts of" petitioner had been done "in pursuance of attempts to keep said Merrill in office" and petitioner had rendered "no service [which] resulted in any benefit to the estate"; that petitioner was "entitled to no allowance for fees for extraordinary services" and Merrill was "entitled to no credit for sums paid" to petitioner; and that petitioner was entitled to "no allowance for ordinary fees" inasmuch as "the commissions for ordinary services must be divided between the attorney for the executrix and an attorney for a special administrator regularly appointed."

The court further found and the ensuing judgment recites: "That said Fred B. Merrill has wrongfully expended from the funds of said estate the sum of $4,191.90, and he is hereby ordered to forthwith restore said sum to said estate, and to deliver the same to said Helen Hillin, as executrix of said estate . . . and . . . said Helen Hillin, as such executrix, shall have and recover the said sum of $4,191.90 from said Fred B. Merrill, together with interest thereon from the date of this judgment until paid at the rate of seven per cent per annum; that said John J. McMahon, attorney for said Fred B. Merrill, while acting as attorney for him in the matter of this estate, secured from said Fred B. Merrill for his own benefit without order of or approval of this court, the sum of $3,790.90, and he shall forthwith restore said sum to said estate and deliver the same to said Helen Hillin, as executrix

of said estate, and, in addition, to all other remedies provided by law, said Helen Hillin, as such executrix, shall have and recover the said sum of $3,790.90 from said John J. McMahon, together with interest thereon from the date of this judgment until paid at the rate of seven per cent per annum; that all sums over and above the sum of $401 which shall be paid by said Fred B. Merrill to said executrix on said sum of $4,191.90 shall be credited on said sum of $3,790.90 so found due from said McMahon to said executrix, and all sums which may be paid by said McMahon on the sum found due from him to said executrix shall be credited on said sum of $4,191.90 so found due from said Merrill to said executrix; . . .''

Petitioner, on behalf of Merrill and himself individually, filed timely separate notices of appeal from the judgment as above recited and likewise made requests for preparation of the clerk's and reporter's transcripts of the proceedings in pursuance of said appeals. These transcripts were filed in the court below on February 28 and March 6, 1946, respectively. Thereafter written objection was made to the settlement of the transcripts upon the ground, among others, that they were ''not a full and complete transcript of the proceedings had at the trial of the matter resulting in the judgment from which [the] appeal [was] taken.'' On April 1, 1946, allegedly without the knowledge or consent of petitioner, Merrill paid the amount of the judgment in full and was given a satisfaction of judgment running in favor of himself and petitioner. Merrill thereupon signed a withdrawal of his appeal, prepared by counsel for the executrix, and said withdrawal was filed in the estate proceeding. Thereafter and on April 15, 1946, petitioner's ''request for settlement of the transcripts'' was heard and counsel for the executrix made oral objection to petitioner's right to prosecute said appeal, upon the ground that the matter had become moot as a consequence of Merrill's payment of the judgment. After hearing argument on the disputed point, the court made its order sustaining the objection and denying the ''motion to settle the transcripts.''

It is apparent that the parties have been proceeding under the practice which obtained prior to the adoption of the new Rules on Appeal (22 Cal.2d 1), although these rules, which became effective July 1, 1943, are applicable to and

govern this case. Under the new rules the trial judge is not charged with the function of "settling" or certifying all transcripts; in the absence of a request for correction of an alleged mistake, the record is transmitted with the certification of the reporter (Rule 4(d), 22 Cal.2d 4) and of the clerk. (Rules 5(d), 8(a), 22 Cal.2d 5-6, 8.) ▊ The petition herein discloses that respondents in the main appeal filed a document entitled "Objection to Settlement of Transcripts, Etc.," in part on the ground that they did not constitute "a full and complete transcript of the proceedings"; and that petitioner filed an "Answer to Objections re Settlement of Transcripts," in which he stated that he was forwarding to the court "corrections" to be noted in the reporter's transcript. The objection on the ground of lack of completeness is no longer tenable, and the remedy of a respondent, if he desires a complete transcript, is to designate the balance thereof. (Rules 4(b), 5(b), 22 Cal.2d 3, 5.) ▊ If, however, corrections have been requested by either party, it is the duty of the trial judge to hear and determine the request, and thereafter to certify the transcripts, with such corrections, if any, as he may allow. (Rule 8(b), 22 Cal.2d 8-9.)

▊ The chief ground upon which it is contended that the trial judge properly based the order granting the objection of respondents in the main appeal and denying "the motion to settle the transcripts" is that the judgment had been satisfied and consequently the right of appeal therefrom had been lost. This issue is, however, a matter for the reviewing court to decide, and is decided in favor of petitioner in *Estate of Merrill, post,* page 520 [175 P.2d 819], this day filed. But in any event the trial judge cannot refuse to allow the record to be filed in the reviewing court on the ground that the judgment is, in his opinion, nonappealable.

Let a peremptory writ of mandate issue directing respondents to determine the request for correction of the transcripts, and thereafter to certify the transcripts as correct.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Traynor, J., and Schauer, J., concurred.