[Civ. Nos. 16771, 16772.   Second Dist., Div. Two.   Feb. 1, 1949.]

Estate of RAE S. MERRILL, Deceased. JOHN J. McMAHON, Appellant, v. HELEN HILLIN, as Executrix, etc., Respondent.

John J. McMahon, in pro. per., and William R. Law for Appellant.

Arthur E. Schifferman for Respondent.

WILSON, J.—The executrix of the will of decedent moves to dismiss two appeals taken by John J. McMahon (1) from an order striking from the files his objections (a) to the petition of the executrix for an order allowing extraordinary commissions, (b) to the petition of her attorney for an order allowing extraordinary fees, and (c) to the first account current and report of the executrix; (2) from an order denying McMahon's petition and motion to strike part of the findings of fact and conclusions of law and part of the judgment previously entered against him.

Matters concerning this estate and McMahon's connection therewith are detailed in *McMahon* v. *Superior Court,* 29 Cal.2d 515 [175 P.2d 817], *Estate of Merrill,* 29 Cal.2d 520 [175 P.2d 819], *Estate of Merrill,* 81 Cal.App.2d 102 [183 P.2d 300]. It appears from the opinions in those cases and from the files in the instant proceedings that McMahon procured the appointment of a special administrator of the estate on ex parte proceedings, and that while the special administrator was acting as such McMahon received $3,790.90 to which he was not entitled. The court rendered judgment in favor of the executrix against the special administrator for that sum together with other moneys received by him and ordered McMahon to restore to the estate the amount received by him. (*Estate of Merrill,* 81 Cal.App.2d 102, 105 [183 P.2d 300].)

The special administrator and McMahon appealed from the judgment. Thereafter the administrator substituted himself as his own attorney instead of McMahon, satisfied the judgment and dismissed his appeal. McMahon's appeal proceeded with the result that the judgment against him was affirmed (81 Cal.App.2d 102).

After the remittitur had gone down McMahon filed a petition (1) to relieve him of that part of the findings of fact and conclusions of law finding him guilty of fraud; (2) to strike, vacate and set aside the findings and conclusions declaring that he is liable for the sum of $3,790.90; (3) to strike, vacate and set aside that portion of the judgment providing that the executrix shall recover said sum from him.

He also filed on his own behalf objections to the petition for allowance of extraordinary commissions to the executrix and extraordinary fees to her attorney, and to the first account current and report of the executrix.

The court (1) denied his motion to strike portions of the findings and judgment and (2) granted the motion of the executrix to strike his said objections from the files. From these orders the appeals have been lodged.

■ Since the findings of fact and conclusions of law constitute the basis of the judgment against appellant and since the judgment became final by reason of its affirmance on appeal the superior court was without jurisdiction to vacate or set aside any of the findings or to strike out any part of the judgment.

■ Appellant had no interest whatsoever in the estate either as heir, legatee, devisee or otherwise, and he was not an attorney for or representative of any person having an interest in the estate. He was therefore not a "person interested in the estate" permitted by section 927 of the Probate Code to file objections or exceptions to an account or to any other petition or proceeding.

■ A cursory inspection of the record discloses that appellant was not entitled to any relief in the trial court and can be given no relief in this court. Since jurisdiction of his appeals has been vested in this court by his notices of appeal the proper order would be one of affirmance of the orders for lack of record showing error. (*Hibernia S. & L. Society* v. *Doran,* 161 Cal. 118, 120 [118 P. 526]; *Shank* v. *Blackburn,* 61 Cal.App. 577, 580 [215 P. 559].)

The orders appealed from are affirmed.

Moore, P. J., and McComb, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 31, 1949. Shenk, J., Carter, J., and Schauer, J., voted for a hearing.