[Civ. No. 18882. Second Dist., Div. One. July 29, 1952.]

JOHN J. McMAHON, Appellant, v. FRED B. MERRILL, Respondent.

John F. Poole for Appellant.

Schifferman & Schifferman for Respondent.

DRAPEAU, J.—Plaintiff is an attorney at law. He sued defendant for $2,046.75 for legal services. Defendant denied the claim and cross-complained for $9,665.80 for professional malpractice of plaintiff.

Much of the background of this case is to be found in the reported decisions in *McMahon* v. *Superior Court,* 29 Cal.2d 515 [175 P.2d 817]; *Estate of Merrill,* 29 Cal.2d 520 [175 P.2d 819]; *Estate of Merrill,* 81 Cal.App.2d 102 [183 P.2d 300]; and *Estate of Merrill,* 89 Cal.App.2d 826 [202 P.2d 123].)

In those cases plaintiff sought unsuccessfully to have adjudged as proper, fees which he claimed as attorney for the special administrator of the estate of Rae S. Merrill, deceased. In this case plaintiff seeks to collect such fees personally from defendant Fred B. Merrill, who was the special administrator of the estate.

After a trial of nine days the trial judge found for defendant on all the issues.

Plaintiff appeals from the judgment against him which followed; from an order denying his motion for a new trial; and from an order denying him relief under section 473 of the Code of Civil Procedure.

No reporter's transcript has been filed in this case. It is here on the judgment roll alone. So, under familiar, well-established principles, this court must presume that the evidence supports the findings and the judgment. (*E. Clemens Horst Co.* v. *New Blue Point Mining Co.,* 177 Cal. 631 [171 P. 417]; *Miller* v. *Lantz,* 9 Cal.2d 544 [71 P.2d 585]; *Helvey* v. *Security-First Nat. Bank,* 99 Cal.App.2d 149 [221 P.2d 257]; rule 52, Rules on Appeal. See 21 So.Cal.L.Rev. 270; and also see cases digested in 6 West, Appeal and Error 907.)

So far as the record permits, this court has examined each of plaintiff's contentions on appeal: that the trial judge was disqualified to hear a motion to reopen the case; that the causes of action in the cross-complaint were demurrable and barred by the statute of limitations; that a judgment against plaintiff in a former case (*Estate of Merrill,* 81 Cal.App.2d 102 [183 P.2d 300]) was not res judicata; that interest should not have been allowed in the judgment; that defendant was in any event personally liable; and that the findings are contradictory, irreconcilable, and mere surmise and conjecture.

None of these contentions is tenable. And there was no abuse of discretion in denying plaintiff's motion under section 473 of the Code of Civil Procedure.

The judgment and the order under section 473 of the Code of Civil Procedure are each affirmed; the appeal from the order denying plaintiff's motion for a new trial is dismissed. (*Reeves* v. *Reeves,* 34 Cal.2d 355 [209 P.2d 937]; *Lee* v. *Dawson,* 44 Cal.App.2d 362 [112 P.2d 683].)

White, P. J., and Doran, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 25, 1952.