Filed 10/26/20  Garcia v. First Metropolitan Mortgage CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| ALICIA GARCIA,<br><br>      Plaintiff and Appellant,<br><br>v.<br><br>FIRST METROPOLITAN<br>MORTGAGE CORP. et al.,<br><br>      Defendants and Respondents. | B292856<br><br>(Los Angeles County<br> Super. Ct. No. BC623630) |

APPEAL from a judgment of the Superior Court for Los Angeles County, Gregory Wilson Alarcon, Judge.  Affirmed.

Alicia Garcia, in pro. per., for Plaintiff and Appellant.

Hennelly & Grossfeld and Anthony C. Kohrs for Defendants and Respondents.

Appellant Alicia Garcia filed a wrongful foreclosure action. A jury tried her case and found in favor of respondent First Metropolitan Mortgage Corporation (FMMC). Acting in propria persona, appellant challenges the judgment.

We affirm the judgment because (1) appellant did not supply a reporter's transcript of the trial, which prevents us from reviewing the sufficiency of the evidence; (2) appellant's brief contains no discernible argument; and (3) appellant lacks standing because she admittedly deeded away the foreclosed property in 2008, and the corporation that actually owns the property did not appeal the judgment.

## FACTS AND PROCEDURAL HISTORY

In 2006, appellant obtained loans from respondent First Metropolitan Funding Corporation. The loans were secured by deeds of trust on real property on Patton Street in Los Angeles (the Property). Appellant defaulted on the debt in 2015; a notice of trustee's sale was recorded. The Property sold at public auction in 2016.

After the trustee's sale, FMMC filed an unlawful detainer action against appellant. One month later, appellant filed this lawsuit alleging fraud and seeking to set aside the foreclosure. Appellant's coplaintiffs are Karen Lopez Garcia and I.C.A. Investments, Inc.[1]

Appellant moved to consolidate FMMC's unlawful detainer action with her wrongful foreclosure action, without success. The unlawful detainer action was tried by a jury; FMMC prevailed.

Appellant's trial brief in the wrongful foreclosure action states that she and Karen Garcia "were owners of a residence

---

[1] The coplaintiffs are not parties to this appeal.

2

located at 347 Patton Street, Los Angeles, CA 90026. In 2008, [appellant] and Karen placed the property in the name of their corporation I.C.A. Investments, Inc." The Garcias obtained a loan from respondents in March 2006 for $480,000 and were allegedly "coerced" into a second loan in October 2006 that increased their total debt to $507,000. They contended that they were not in arrears on their loan payments.

A jury trial was held in February 2018. During trial, the court directed a verdict against appellant and Karen Garcia, leaving I.C.A as the sole plaintiff. It also directed a verdict as to causes of action against respondent FMMC executive Alan Fattal because "alter ego issues can be handled post-judgment."

In a special verdict, the jury found that respondents did not overstate the amount of the default; respondents complied with notice requirements for the trustee's sale; I.C.A. Investments did not suffer harm as a result of the trustee's sale; respondents did not cause harm; I.C.A. Investments did not reinstate the debt by tendering missed payments and other costs.

On September 5, 2018, the court entered judgment for respondents. The judgment includes directed verdicts against appellant and Karen Garcia. Appellant filed a notice of appeal.

**DISCUSSION**

This appeal is taken from the judgment. (Code Civ. Proc., § 904.1, subd. (a)(1).) Appellant challenges the evidence supporting the judgment. She contends that there is insufficient evidence to support jury findings that proper notice was given for the trustee's sale of the Property or that the amount of the loan default was proved.

We cannot review the sufficiency of the evidence because appellant did not provide a reporter's transcript. In designating

3

the record, appellant checked a box stating, "I elect to proceed WITHOUT a record of the oral proceedings in the superior court. I understand that without a record of the oral proceedings in the superior court, the Court of Appeal will not be able to consider what was said during those proceedings in determining whether an error was made in the superior court proceedings."

When no trial transcript is transmitted for our review, we must presume that all findings are supported by substantial evidence. (*Moriarty v. Carlson* (1960) 184 Cal.App.2d 51, 54; *McMahon v. Merrill* (1952) 112 Cal.App.2d 454, 455.) "To put it another way, it is presumed that the unreported trial testimony would demonstrate the absence of error. [Citation.] The effect of this rule is that an appellant who attacks a judgment but supplies no reporter's transcript will be precluded from raising an argument as to the sufficiency of the evidence." (*Estate of Fain* (1999) 75 Cal.App.4th 973, 992.)

Apart from submitting an inadequate record, appellant has filed an inadequate brief. Her one-page argument consists of three headings, three subheadings, and one sentence. She did not support each point with argument. (Cal. Rules of Court, rule 8.204(a)(1)(B).) For example, the heading of her third argument reads, "Evidence that would have changed the outcome of the case was not admitted into the case." Nothing follows the heading to explain what evidence was excluded or how it would have changed the outcome of the case.

Appellant's brief is too vague to allow review. "An appellate court is not required to examine undeveloped claims, nor to make arguments for the parties." (*Paterno v. State of California* (1999) 74 Cal.App.4th 68, 106.) The absence of argument supported by evidence deprives respondents of a fair

4

opportunity to answer with opposing evidence or case citations. (*People v. Roscoe* (2008) 169 Cal.App.4th 829, 840.)

Appellant does not dispute that I.C.A. Investments was the owner of the Property; I.C.A. did not appeal the judgment against it on its claim for wrongful foreclosure. Appellant has not demonstrated why, as someone who does not own the Property, she has standing to contest the foreclosure.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.

LUI, P. J.

We concur:

ASHMANN-GERST, J.

HOFFSTADT, J.

5