Filed 6/14/21  Wildish v. Roebuck CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| BOHM WILDISH, LLP, | |
| Plaintiff and Respondent, | G058899 |
| v. | (Super. Ct. No. 30-2016-00862253) |
| TERESA ROEBUCK, as Trustee, etc., | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Walter P. Schwarm, Judge.  Affirmed.  Motions to Dismiss and to Impose Sanctions.  Denied.

Bohm Wildish & Matsen, James G. Bohm and Charles H. Smith for Plaintiff and Respondent.

Law Office of Brett Ferguson and Brett Ferguson for Defendant and Appellant.

\*          \*          \*

**INTRODUCTION**

A jury awarded plaintiff Bohm Wildish $146,375.60 in damages against Teresa Roebuck, in her capacity as Trustee of the Shell Beach Trust Settlement (Roebuck). In a motion for a new trial, Roebuck argued the damages were excessive and showed the jury had either misunderstood or disregarded the jury instructions. The trial court found the damages to be excessive because the complaint, the evidence presented at trial, and the jury instructions justified a damages award of no more than $100,000. The court conditionally granted the motion for a new trial that would be limited to the issue of compensatory damages unless Bohm Wildish consented to a reduction of damages to the amount of $100,000. Bohm Wildish accepted the reduction of damages to $100,000, and judgment in its favor was entered accordingly.

On appeal, Roebuck contends the trial court should have unconditionally granted her motion for new trial. For the reasons we shall explain, the trial court did not err and we affirm.

**FACTS AND PROCEDURAL HISTORY**

In July 2016, Bohm Wildish filed a complaint against Roebuck asserting a claim for breach of a written settlement agreement.[1] The complaint alleged that on January 7, 2016, the parties had settled their dispute regarding unpaid attorney fees and costs by Roebuck agreeing to pay Bohm Wildish the amount of $100,000. In reliance upon that settlement agreement, Bohm Wildish filed a request for dismissal of its prior action against Roebuck without prejudice. Roebuck, however, breached the settlement agreement, causing Bohm Wildish to suffer damages in the amount of $100,000.

The jury was instructed on contract damages with CALCRIM No. 350, modified to state: "If you decide that Bohm Wildish, LLP has proved its claim against

---

[1] Anchor R&R, LLC was also a named defendant in the complaint but is not a party to this appeal and is not otherwise relevant to the issues before us.

Trustee Roebuck for breach of contract, you also must decide how much money will reasonably compensate Bohm Wildish, LLP for the harm caused by the breach. This compensation is called 'damages.' The purpose of such damages is to put Bohm Wildish, LLP in as good a position as it would have been if Trustee Roebuck had performed as promised. [¶] To recover damages for any harm, Bohm Wildish, LLP must prove that when the contract was made, both parties knew or could reasonably have foreseen that the harm was likely to occur in the ordinary course of events as result of the breach of the contract. [¶] Bohm Wildish, LLP also must prove the amount of its damages according to the following instructions. It does not have to prove the exact amount of damages. You must not speculate or guess in awarding damages. [¶] Bohm Wildish, LLP claims damages for failure to pay $100,000.00 under the contract."

On the special verdict form, the jury unanimously found: (1) Roebuck and Bohm Wildish entered into an agreement to settle the attorney fees dispute; (2) Bohm Wildish did all or substantially all required of it under the settlement agreement; (3) Roebuck failed to do something required of her under the settlement agreement which caused Bohm Wildish harm; and (4) Bohm Wildish's damages were $146,375.60.

Roebuck filed a motion for new trial on the ground insufficient evidence supported the jury's verdict in the amount of $146,375.60. She argued that, based on the allegations of the complaint, the uncontroverted evidence presented at trial, and the jury instructions, no reasonable juror could have returned a damages award in that amount. She also argued the jury's damages award "evidences that the jury disregarded the jury instructions and failed to decide the singular breach of contract claim at issue before it. These irregularities in the verdict resulting in an excessive unsupported damages award and a flawed proposed judgment presented by plaintiff to th[e] court, have prevented [Roebuck] from having a fair trial."

The trial court conditionally granted Roebuck's motion for a new trial that would be limited to the issue of compensatory damages unless Bohm Wildish consented

3

to the reduction of the jury's award of damages to $100,000.  The court explained in its minute order:  "After weighing the evidence as required by Code of Civil Procedure section 657, the court is convinced from the entire record that the $146,375.60 is excessive.  [Bohm Wildish]'s complaint, the evidence, and the instructions justified a damages award of no more than $100,000.00."

Bohm Wildish accepted the reduction of damages to $100.000.  The trial court thereafter entered an amended judgment on the special verdict against Roebuck awarding Bohm Wildish $100,000 in damages, $35,866.60 in prejudgment interest, and $28,020.73 in costs.

## DISCUSSION

### I.

#### GOVERNING LEGAL PRINCIPLES AND STANDARD OF REVIEW

Code of Civil Procedure section 657[2] provides that a jury's verdict "may be vacated . . . in whole or in part, and a new or further trial granted on all or part of the issues, on the application of the party aggrieved" based on any of the causes enumerated in the statute that "materially affect[] the substantial rights of such party."  The causes enumerated in section 657 include an irregularity in the proceedings of the jury; excessive damages; and the "[i]nsufficiency of the evidence to justify the verdict or other decision, or the verdict or other decision is against law."  (§ 657, subds. 1, 5, & 6.)

Section 662.5, subdivision (a) provides that "[i]n any civil action where after trial by jury an order granting a new trial limited to the issue of damages would be proper, the trial court may in its discretion:  [¶] . . . [¶] (2) If the ground for granting a new trial is excessive damages, issue a conditional order granting the new trial unless the party in whose favor the verdict has been rendered consents to the reduction of so much

---

[2] All further statutory references are to the Code of Civil Procedure.

4

thereof as the court in its independent judgment determines from the evidence to be fair and reasonable."

A court exercising authority under section 662.5, subdivision (a)(2) acts as an independent trier of fact. (*Pearl v. City of Los Angeles* (2019) 36 Cal.App.5th 475, 485.) "The authority of the trial court in ruling on a new trial motion based on excessive damages 'differs materially' from review of a damage award by an appellate court. [Citations.] In sharp contrast to appellate considerations of a claim of excessive damages on a cold record, the trial court 'see[s] and hear[s] the witnesses' and can ascertain for itself 'the injury and the impairment that has resulted therefrom.' [Citations.] Accordingly, when a trial court grants a new trial on the issue of excessive damages, whether or not the order is conditioned by a demand for reduction, 'the presumption of correctness normally accorded on appeal to the jury's verdict is replaced by a presumption in favor of the order.'" (*Id.* at pp. 485-486.) We review a conditional grant of a new trial motion for abuse of discretion. (*Id.* at p. 486.)

## II.

### THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN CONDITIONALLY GRANTING THE NEW TRIAL MOTION.

The record shows the trial court, after finding sufficient evidence to support the jury's finding of Roebuck's liability, was well within its discretion to reduce the jury's award to the $100,000 amount of damages requested in the complaint under section 662.5, subdivision (a). Nothing in the record shows the jury's proceedings were irregular or that their verdict was against the law. Although the jury instructions informed the jury that "Bohm Wildish, LLP claims damages for failure to pay $100,000.00 under the contract," nothing in the instructions informed the jury that $100,000 was the maximum amount they could find that would reasonably compensate Bohm Wildish for the harm caused by Roebuck's breach. Thus, Roebuck has failed to

5

show the jury's award of $146,375.60 in favor of Bohm Wildish reflected the jury's misunderstanding or disregard of the jury instructions.

Roebuck argues "the fact that the jury returned a number exactly the same as the amount of the total BW invoice bill indicates that the jury was actually acting under the influence of passion and prejudice and was attempting to punish [Roebuck]; or that when the jury found that a settlement agreement had been entered, it was referring to a purported agreement to pay the total BW invoice amount (which was not at issue before the jury)." Roebuck's argument is premised on the jury's potential interpretation of trial evidence. Although a three-volume reporter's transcript was prepared in connection with this appeal, Roebuck does not cite, much less analyze, *any* of the evidence presented at trial including any invoice which she contends the jury improperly relied upon. She has therefore forfeited any argument based on the trial evidence.

In her opening brief, Roebuck cites a former version of section 662 in support of her argument that a new trial should have been granted when "'there has been such a plain disregard by the jury of the instructions of the court or the evidence in the case.'" (See *Townley v. Adams* (1897) 118 Cal. 382, 383.) That former version of section 662, which Roebuck did not cite in her motion for a new trial, was repealed in 1915. (Repealed by Stats. 1915, ch. 107, § 5.) In 1929, a new section 662 was enacted and later amended in 1981. (Added by Stats. 1929, ch. 479, § 7 and amended by Stats. 1981, ch. 900, § 4.) The new section 662 applies only to nonjury trials and thus has no application here. In any event, the record does not show the jury disregarded any jury instructions.

## III.

**WE DENY THE MOTIONS TO DISMISS THE APPEAL AND REQUEST FOR SANCTIONS AND THE REQUEST FOR JUDICIAL NOTICE SUBMITTED IN SUPPORT OF DISMISSING THE APPEAL**

Before briefing in this case, Bohm Wildish filed a motion to dismiss the appeal "on the grounds that [Roebuck] has fully satisfied the judgment from which she is appealing" which constitutes "an implied waiver of the continued ability to appeal said judgment." Bohm Wildish's counsel's declaration filed in support of the motion showed that the checks Roebuck paid to Bohm Wildish to satisfy the judgment included the notation "For satisfaction of judgment [¶] Appeal #G058899 will continue to completion." In opposition to the motion, Roebuck argued payment of the amended judgment was not made by way of compromise or an agreement not to take or prosecute an appeal and was not sufficiently voluntary to constitute a waiver of her right to appeal. We notified the parties we would consider the motion to dismiss in conjunction with the decision on appeal.

We deny the motion to dismiss the appeal because the record does not show Roebuck's payment of the judgment was by way of compromise or with an agreement she would not proceed with the appeal. "'In the case of voluntary satisfaction of a judgment, deprivation of the right to appeal ensues only when it is shown that the payment of the judgment was by way of compromise or with an agreement not to take or prosecute an appeal.'" (See *Reitano v. Yankwich* (1951) 38 Cal.2d 1, 3, quoting *Estate of Merrill* (1946) 29 Cal.2d 520, 524.)

After briefing was completed, Bohm Wildish filed another motion to dismiss the appeal. The motion requested sanctions against Roebuck and her attorney in the amount of $45,802.20 on the ground the appeal was frivolous. Roebuck filed an opposition to the motion. We notified the parties we would also consider the second

7

motion to dismiss the appeal and its concomitant request for sanctions in conjunction with the decision on appeal.  We now deny the motion.

With respect to Bohm Wildish's motion to dismiss the appeal in which it seeks sanctions against Roebuck, section 907 permits recovery of costs when an appeal is "frivolous or taken solely for delay" and rule 8.276(a)(1) of the California Rules of Court permits the imposition of sanctions including costs for "[t]aking a frivolous appeal or appealing solely to cause delay."  The California Supreme Court in *In re Marriage of Flaherty* (1982) 31 Cal.3d 637 stated:  "[A]n appeal should be held to be frivolous only when it is prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment—or when it indisputably has no merit—when any reasonable attorney would agree that the appeal is totally and completely without merit." (*Id.* at p. 650; see *DeRose v. Heurlin* (2002) 100 Cal.App.4th 158, 179.)  These standards have not been met.  We therefore deny the motion to dismiss the appeal and to impose sanctions.

In support of its second motion to dismiss the appeal, including the request for sanctions, Bohm Wildish requests that this court take judicial notice of a July 2014 order issued in a bankruptcy action entitled *In re Michael Rene Rodarte*, Case No. 8:13-bk-13400-TA in which the court granted the Chapter 7 Trustee's motion in limine to preclude Roebuck's testimony in that case about purported transfers because she had given inconsistent statements under oath.  Bohm Wildish argues that order is relevant to the motion to dismiss the appeal because it evidences Roebuck's "record of abusing the legal system."  We deny Bohm Wildish's request for judicial notice because whether Roebuck might have perjured herself in a bankruptcy case two years before the instant action was filed is irrelevant as to whether the motion to dismiss the appeal should be granted and sanctions imposed on the ground the appeal in this matter is frivolous.

## DISPOSITION

The judgment is affirmed.  Respondent shall recover costs on appeal.


FYBEL, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


MOORE, J.